■ WILLIAM ORTIZ, Respondent, v CITY OF NEW YORK, Appellant. [965 NYS2d 710]—Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered February 23, 2012, which denied defendant's motion to dismiss the complaint, reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiff failed to sufficiently allege a cause of action under the State and City Human Rights Laws (*see* Executive Law § 296; Administrative Code of the City of New York § 8-107; *cf. Vig v New York Hairspray Co., L.P.*, 67 AD3d 140 [1st Dept 2009]). There is no dispute that because plaintiff was not reinstated as a police officer until after one year from his voluntary retirement, he was not entitled to receive reinstatement at his previous salary and seniority levels. Although he alleged that his application for reinstatement, made within one year of his retirement, was not promptly expedited, he did not specifically allege that the application was intentionally delayed or that racial discrimination was the reason for the failure to expedite the application (*see e.g. McDowell v North Shore-Long Is. Jewish Health Sys., Inc.*, 788 F Supp 2d 78, 81-83 [ED NY 2011]). Concur—Tom, J.P., Andrias and Saxe, JJ.

Abdus-Salaam and Gische, JJ., dissent in a memorandum by Abdus-Salaam, J., as follows: I would affirm.

In this litigation by a Hispanic New York City police officer alleging discrimination based upon national origin, the complaint includes allegations that after plaintiff retired, he timely sought reinstatement; that although he timely sought reinstatement within a year of retirement he was reinstated without retaining his seniority and salary while similarly situated Caucasian officers were reinstated with their seniority and salary; and that these acts by the City of New York were in violation of his rights pursuant to the State and City Human Rights Laws (*see* Executive Law § 296; Administrative Code of the City of New York § 8-107). "On a CPLR 3211 motion to dismiss, the court will 'accept the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (*Nonnon v City of New York*, 9 NY3d 825, 827 [2007]). Additionally, "employment discrimination cases are themselves generally reviewed under notice pleading standards" (*Vig v New York Hairspray Co., L.P.*, 67 AD3d 140, 145 [1st Dept 2009]). In "[a]p-

plying these liberal pleading standards" (*id.* at 145), the motion court properly found that plaintiff has stated causes of action for employment discrimination under both the State and City Human Rights Laws.