Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered June 15, 2012, which, insofar as appealed from as limited by the briefs, granted defendants-respondents’ motion to dismiss the complaint as against them, unanimously affirmed, without costs.
Plaintiff alleges that, during the relevant period of the 2010-2011 school year, she was 54 years old and serving as the *622 principal of a school she had founded. She received satisfactory performance reviews for two years, but claims to have been subjected to unfair and excessive scrutiny and reprimands during 2010 to 2011, including an investigation into allegations of misconduct. Plaintiff was terminated in June 2011. It is undisputed that, by these allegations, plaintiff has established the first three elements of her claims for age discrimination under the New York State and City Human Rights Laws (HRL) (Executive Law art 15; Administrative Code of City of NY § 8-101 et seq.), since she was a member of a protected class, was qualified for her position, and was subjected to an adverse employment action (see Melman v Montefiore Med. Ctr., 98 AD3d 107, 113 [1st Dept 2012]; Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 35 [1st Dept 2011], lv denied 18 NY3d 811 [2012]).
Construing the complaint liberally, presuming its factual allegations to be true, and according the complaint the benefit of every possible favorable inference (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151-152 [2002]), plaintiff has not, however, adequately pled the fourth element of a prima facie claim of employment discrimination under the State and City HRL, namely, that she was either terminated or treated differently under circumstances giving rise to an inference of discrimination (see Melman, 98 AD3d at 113; Bennett, 92 AD3d at 35). Although plaintiff asserts that defendants’ actions were motivated by age-related bias, she does not make any concrete factual allegation in support of that claim, other than that she was 54 years old and was treated adversely under the State law or less well under the City HRL. Plaintiff’s allegations in this respect amount to mere legal conclusions, and do not suffice to make out this element of her claim (see Ortiz v City of New York, 105 AD3d 674 [1st Dept 2013]; McKenzie v Meridian Capital Group, LLC, 35 AD3d 676 [2d Dept 2006]; see also Clyburn v Shields, 33 Fed Appx 552, 555-556 [2d Cir 2002]).
Plaintiffs failure to adequately plead discriminatory animus is similarly fatal to her claims of hostile work environment (see Chin v New York City Hous. Auth., 106 AD3d 443, 445 [1st Dept 2013]) and violation of the New York State Constitution’s equal protection and antidiscrimination provisions (see NY Const, art I, § 11; Bower Assoc. v Town of Pleasant Val., 2 NY3d 617, 631 [2004]). Concur — Friedman, J.P., Sweeny, Acosta and ManzanetDaniels, JJ.