Order, Supreme Court, New York County (Richard F. Braun, J.), entered November 28, 2012, which, insofar as appealed from as limited by the briefs, granted defendants’ motion to dismiss the complaint as against defendant Michael J. Cohen pursuant to CPLR 3211 (a) (7), unanimously affirmed, without costs.
The bulk of plaintiffs 127-paragraph complaint consists of generic allegations of wrongdoing by unnamed “defendants,” presumably including Cohen. These generic allegations fail to state a cause of action of retaliation by Cohen (see Askin v Department of Educ. of the City of N.Y., 110 AD3d 621, 622 [1st Dept 2013]; Ortiz v City of New York, 105 AD3d 674, 674 [1st Dept 2013]).
The complaint does contain one concrete factual allegation of direct action by Cohen, alleging that he created a document for the purpose of concealing retaliatory actions taken by his wife, Nancy Barton (plaintiffs supervisor and a party defendant in a related action) against plaintiff in 2007. As amplified and clarified in the papers submitted by plaintiff in opposition to defendants’ dismissal motion, however, the “creation” action of which plaintiff complains consisted of copying the text of an email exchange between Barton and plaintiff, stripping out the date and recipients, pasting it into a Microsoft Word document, and attaching it to an email from Barton to Ken Castronuovo, a New York University administrator (who is also a party defendant in a related action by plaintiff).
Absent some concrete allegation of harm, the simple act of forwarding an email cannot constitute a disadvantageous action sufficient to support a claim of retaliation (see Bogart v City of *492 New York, 2002 WL 1561065, *2, 2002 US Dist LEXIS 12756, *4-5 [SD NY 2002]). Although plaintiff alleges that, in copying his email, Cohen somehow “changed the content,” he does not allege how the content was changed, other than removal of the date and recipients from the original email header. Plaintiff alleges that the removal of the date and recipients somehow served to conceal prior acts of discrimination by Barton, but, again, does not explain how this could be. Under these circumstances, plaintiff’s allegation that Cohen created a document does not allege that Cohen engaged in any disadvantageous action sufficient to support a claim of retaliation (see Fletcher v Dakota, Inc., 99 AD3d 43, 51-52 [1st Dept 2012]).
Plaintiff also contends that Cohen aided and abetted Barton in creating the above document. As discussed above, however, the creation of this document was not a disadvantageous action sufficient to support a claim of retaliation. Cohen cannot be held liable for aiding and abetting an act which itself is not actionable (see Kelly G. v Board of Educ. of City of Yonkers, 99 AD3d 756, 758-759 [2d Dept 2012]; Miloscia v B.R. Guest Holdings LLC, 33 Misc 3d 466, 479 [Sup Ct, NY County 2011], affd in part, mod on other grounds in part 94 AD3d 563 [1st Dept 2012]).
Plaintiff also contends that Cohen aided and abetted unnamed defendants in creating a hostile work environment. Even crediting plaintiffs allegations that defendants engaged in such acts as “excluding [him] from communications” and “from events and privileges,” those allegations are not sufficient to state a claim for hostile work environment (see e.g. Salerno v Town of Bedford, NY, 2008 WL 5101185, *8, 2008 US Dist LEXIS 99373, *23 [SD NY 2008]; see also Forrest v Jewish Guild for the Blind, 3 NY3d 295, 307 [2004] [“shouting” and “(b)eing yelled at” “do not rise to the level of adverse employment actions” (internal quotation marks omitted)]).
We have considered plaintiffs remaining contentions and find them unavailing.
Concur — Mazzarelli, J.P, Sweeny, DeGrasse, Manzanet-Daniels and Gische, JJ.