■ SUNITA FRUCHTMAN, Appellant, v CITY OF NEW YORK et al., Respondents. [11 NYS3d 582]—

Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered March 21, 2014, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court (Barbara Jaffe, J.), entered February 2, 2012, which denied plaintiff's motion for leave to reargue a discovery application, unanimously dismissed, without costs, as taken from a nonappealable paper and, in any event, untimely.

Plaintiff's claim of gender discrimination in employment under the New York City Human Rights Law (Administrative Code of City of NY § 8-107 [1] [a]) was correctly dismissed since she failed to establish prima facie that she suffered an adverse employment action and that that action was taken under circumstances giving rise to an inference of discrimination (*see Melman v Montefiore Med. Ctr.*, 98 AD3d 107, 113 [1st Dept 2012]). With the exception of her termination from her probationary employment, the conduct of which she complains amounts to no more than "petty slights and trivial inconveniences," rather than adverse employment action (*see Williams v New York City Hous. Auth.*, 61 AD3d 62 [1st Dept 2009], *lv denied* 13 NY3d 702 [2009]). Moreover, it resulted in no harm (*see Abe v Cohen*, 115 AD3d 491 [1st Dept 2014], *lv denied* 24 NY3d 902 [2014]).

While termination is indisputably an adverse action, plaintiff's conclusory claim that her termination was motived by a gender-related bias is insufficient to establish discrimination (*Askin v Department of Educ. of the City of N.Y.*, 110 AD3d 621 [1st Dept 2013]). Nor do stray derogatory remarks, "without more, constitute evidence of discrimination" (*Melman*, 98 AD3d at 125). Plaintiff's reliance on *E.E.O.C. v PVNF, L.L.C.* (487 F3d 790 [10th Cir 2007]), a hostile work environment case, is misplaced, since in that case the plaintiff and others were subjected to numerous gender-based remarks.

Moreover, plaintiff failed to raise an issue of fact whether defendants' evidence of a legitimate, independent, and nondiscriminatory reason for her termination was pretextual and the real reason was gender discrimination (*see Melman* at 120). She does not dispute that she kept a departmental vehicle for nine consecutive days, during which time she used it only once for the authorized purpose of driving to a facility being audited, and that she inaccurately reported, in a daily log, the vehicle's use and overnight location.

Plaintiff also failed to establish a prima facie case of retaliation (*see* Administrative Code § 8-107 [7]). In her complaints to defendants, she made no reference to the fact that she was female and did not otherwise implicate gender; therefore, the complaints did not constitute "protected activity" (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 313 [2004]; *Pezhman v City of New York*, 47 AD3d 493, 494 [1st Dept 2008]).

We note that no appeal lies from the denial of a motion for leave to reargue (*see D'Andrea v Hutchins*, 69 AD3d 541 [1st Dept 2010]), and that, in any event, plaintiff's appeal from the order on reargument is untimely (*see* CPLR 5513). Concur—Tom, J.P., Renwick, Andrias, Manzanet-Daniels and Kapnick, JJ.