Petit v Department of Educ. of the City of N.Y. (2019 NY Slip Op 07990)





Petit v Department of Educ. of the City of N.Y.


2019 NY Slip Op 07990


Decided on November 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Singh, JJ.


9984 155523/16

[*1]Stevenson Petit, Plaintiff-Appellant,
v
The Department of Education of the City of New York Defendant-Respondent.


Stewart Lee Karlin Law Group, P.C., New York (Stewart Karlin of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Mackenzie Fillow of counsel), for respondent.



Order, Supreme Court, New York County (W. Franc Perry III, J.), entered December 22, 2017, which granted defendant's motion to dismiss the complaint, and denied plaintiff's cross motion for leave to file a second amended complaint, unanimously reversed, on the law, without costs, the motion denied, and the cross motion granted.
Plaintiff, Stevenson Petit, commenced this employment discrimination action on or about July 1, 2016, against his former employer, the Department of Education (DOE). Plaintiff was hired by the DOE in 1994 as a paraprofessional. In 2010, he became a guidance counselor at the Tilden Educational Campus and received tenure.
Plaintiff, a 55-year-old black male from Haiti, who alleges that he studied voodoo, but does not practice it, asserts that he was discriminated against by the principal of the school, Marina Vinitskaya (a Caucasian woman), due to his Haitian origin and her belief that he is a voodoo priest. Since his hiring in 2010, plaintiff had no performance issues until Vinitskaya became the school's principal in the 2008-2009 school year. He asserts that Principal Vinitskaya then began creating a hostile work environment, by targeting him due to his Haitian origin. Plaintiff asserts that Principal Vinitskaya falsely accused him of misconduct, subjecting him to an Office of Special Investigations investigation, during which Vinitskaya falsely accused plaintiff of being a voodoo priest.
Plaintiff also asserts that Principal Vinitskaya assigned him to an unsanitary basement office upon his return to Tilden Educational Campus from a temporary administrative office assignment. Plaintiff asserts that Principal Vinitskaya did this maliciously in disregard of his seniority even though there were other available offices. Reportedly, both plaintiff and his union submitted administrative complaints to no avail. Ultimately, Principal Vinitskaya demoted plaintiff to the position of temporary substitute, assigned on a weekly basis to different schools.
Crediting plaintiff's allegations for the purpose of this pre-answer, pre-discovery motion to dismiss the complaint pursuant to CPLR 3211(a)(5) and (a)(7), we find that the complaint states a causes of action for discrimination, retaliation and hostile work environment in violation of the New York State and New York City Human Rights laws. These allegations are sufficient to give defendant DOE "fair notice" of the nature of plaintiff's claims and their grounds (see Vig v New York Hairspray Co., L.P., 67 AD3d 140, 145 [1st Dept 2009] [court reinstated discrimination claims dismissed on a motion to dismiss for failure to state a cause of action because "employment discrimination cases are . . . generally reviewed under notice pleading standards"]; compare Ortiz v City of New York, 105 AD3d 674 [1st Dept 2013]). Fair notice is all that is required to survive at the pleading stage.
To the extent plaintiff asserts acts by Principal Vinitskaya that occurred more than one year before he commenced this action (see Education Law § 3813[2-b]), we cannot say, as a matter of law, "that these acts, if proven, were not part of a single continuing pattern of unlawful [*2]conduct extending into the one-year period immediately preceding the filing of the
complaint" (Ferraro v New York City Dept. of Educ., 115 AD3d 497, 497-498 [1st Dept 2014]; see Ain v Glazer, 257 AD2d 422, 423 [1st Dept 1999]). In any event, plaintiff "is not precluded from using the prior acts as background evidence in support of a timely claim" (Jeudy v City of New York, 142 AD3d 821, 823 [1st Dept 2016] [internal quotation marks omitted]).
Finally, defendant's argument that there were legitimate, nondiscriminatory reasons for actions taken against plaintiff is unavailing. Defendant presents a potential rebuttal argument to a prima facie case of employment discrimination, which is misplaced at this early procedural juncture (see McDonnell Douglas Corp. v Green, 411 US 792 [1973]; Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 35 [1st Dept 2011], lv denied 18 NY3d 811 [2012]). Under the circumstances, plaintiff's cross motion for leave to amend his complaint should have been granted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 7, 2019
CLERK