Lent v City of New York (2022 NY Slip Op 05755)

Lent v City of New York

2022 NY Slip Op 05755

Decided on October 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 13, 2022

Before: Renwick, J.P., Friedman, Singh, Shulman, Higgitt, JJ. 

Index No. 150403/20 Appeal No. 16422 Case No. 2021-04616 

[*1]Thomas Lent, Plaintiff-Appellant,
v
City of New York, et al., Defendants-Respondents.

Ballon Stoll P.C., New York (Edward Tobin of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jonathan Schoepp-Wong of counsel), for respondents.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered May 27, 2021, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
The court properly dismissed plaintiff's age discrimination claim under the New York State Human Rights Law (Executive Law § 296), as plaintiff failed to allege an adverse employment action (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 306 [2004]). Nothing in the complaint indicated that his suspension and placement on modified duty were for any reason other than disciplinary actions taken after his arrest for domestic violence (see Riddick v City of New York, 4 AD3d 242, 246 [1st Dept 2004]). The alleged acts of investigations into various misconduct by plaintiff and transfers to other precincts did not rise to the level of actionable adverse employment actions (see Messinger v Girl Scouts of U.S.A., 16 AD3d 314, 315 [1st Dept 2005]).
As to the discrimination claim under the New York City Human Rights Law (Administrative Code of City of NY § 8-107), the conduct of which plaintiff complained amounted to no more than "petty slights and trivial inconveniences" (Williams v New York City Hous. Auth., 61 AD3d 62, 80 [1st Dept 2009], lv denied 13 NY3d 702 [2009]). The alleged stray remark by defendant MacDonald that plaintiff was "old enough to retire" did not, without more, give rise to an inference of ageist bias (see Pelepelin v City of New York, 189 AD3d 450, 451 [1st Dept 2020]; Fruchtman v City of New York, 129 AD3d 500, 501 [1st Dept 2015]; see also Moore v Verizon, 2016 WL 825001, *8-9, 2016 US Dist LEXIS 16201, *23-24 [SD NY, Feb. 5, 2016, No. 13-CV-6467 (RJS)]). Plaintiff's bare allegations that younger officers who had committed misconduct did not receive unfavorable assignments were too general to support an inference of age discrimination (see Pelepelin, 189 AD3d at 451; Massaro v Department of Educ. of the City of N.Y., 121 AD3d 569, 570 [1st Dept 2014], lv denied 26 NY3d 903 [2015]).
As plaintiff failed to allege discriminatory animus, the hostile work environment claims were properly dismissed (see Pelepelin, 189 AD3d at 451-452).
Plaintiff failed to state a claim for retaliation, as his general complaints of mistreatment and harassment did not convey that he had complained of unlawful discrimination (see Gonzalez v EVG, Inc., 123 AD3d 486, 487 [1st Dept 2014]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2022