| **Lobosco v City of New York** |
| --- |
| 2025 NY Slip Op 31818(U) |
| May 20, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 152196/2024 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. HASA A. KINGO**                                        PART                       **05M**
                                                           *Justice*

------------------------------------------------------------------------------X

ADRIANA LOBOSCO,                                          INDEX NO.          152196/2024

                                   Plaintiff,              MOTION DATE          N/A

                      - v -                               MOTION SEQ. NO.        001

CITY OF NEW YORK, ERNESTO CASTRO, PAUL
MELENDEZ, JOHN DOES                                       **DECISION + ORDER ON
                                                            MOTION**

                                   Defendant.

------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20

were read on this motion to                                    DISMISS                          .

Defendants, the City of New York and individually named officers (collectively, "Defendants"), move pursuant to CPLR §§ 3211(a)(1), (5), and (7) for an order dismissing Plaintiff Adriana Lobosco's (hereinafter "Plaintiff") verified complaint in its entirety. Plaintiff opposes the motion.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, a female officer employed by the New York City Police Department ("NYPD"), commenced this plenary action on March 11, 2024, alleging violations of the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). Her verified complaint asserts claims of gender discrimination, hostile work environment, and retaliation. Plaintiff details a pervasive pattern of gender-based disparate treatment including disproportionate workloads, a facially gendered policy prohibiting women from working with doors closed, sexually suggestive remarks, and differential overtime and assignment practices. In response to these alleged discriminatory conditions, Plaintiff filed an internal OEEO complaint in May 2021 and ceased working in October 2021, after being diagnosed with bipolar depression attributed to workplace mistreatment. She has remained on restricted duty since that time. Defendants move to dismiss on various grounds.

## ARGUMENTS

Defendants contend at the threshold that Plaintiff's entire action—or at least significant portions of it—is time barred under CPLR § 3211(a)(5). They point to the three-year statute of limitations governing NYSHRL and NYCHRL claims and argue that, with respect to any discrete act predating March 11, 2021, Plaintiff failed to commence her suit in time. According to the City,

**152196/2024   LOBOSCO, ADRIANA vs. CITY OF NEW YORK ET AL**                    **Page 1 of 6**
**Motion No.  001**

1 of 6

[* 1]

those earlier allegations must be dismissed outright unless they can be tied to a continuing violation occurring within the limitations period—a showing Defendants assert Plaintiff cannot make.

Second, the City argues that Plaintiff's challenge to her placement on restricted duty is not properly before this court at all, but must instead be raised in an Article 78 proceeding. They maintain that the decision by the NYPD Medical Board to remove Plaintiff from full duty status is an administrative determination expressly reviewable only through the CPLR Article 78 process, and that her failure to pursue that remedy bars any judicial overturn in this plenary action.

Defendants further assert that documentary evidence—including the Medical Board's permanent disability certificate and psychological evaluations—conclusively demonstrates that Plaintiff is medically and functionally incapable of performing the essential duties of an NYPD officer. On that basis, they contend that dismissal under CPLR § 3211(a)(1) is appropriate: the uncontroverted records, in their view, "utterly refute" Plaintiff's allegations that she was fit for duty and thus reveal a fatal defect in her pleading.

Turning to the merits of her discrimination and retaliation claims, Defendants insist that Plaintiff's allegations amount to no more than "petty slights" and "trivial inconveniences" that fall well short of actionable conduct under the NYSHRL or the NYCHRL. They characterize door open policies, allegedly harsh supervision, and isolated remarks as everyday supervisory minutiae devoid of any inference of gender animus or retaliatory motive.

Finally, the City challenges Plaintiff's demand for punitive damages and her individual capacity claims. They point to the general rule that punitive damages are unavailable against municipal entities absent explicit statutory authorization, and argue that punitive relief against the City is foreclosed. As for the individual defendants, the City asserts that Plaintiff has failed to plead any facts showing that any supervisor acted with the requisite malice or reckless indifference to support punitive damages or plausible personal liability.

Plaintiff counters that her complaint does not hinge on single, time barred events but instead alleges a continuous pattern of discrimination and retaliation that persisted into the limitations period. Relying on the continuing violation doctrine, she argues that each act of disparate treatment and harassment is part of a broader, unremedied campaign—punctuated by her leave of absence in October 2021—that falls squarely within the three-year window.

Addressing the Article 78 issue, Plaintiff emphasizes that she does not seek to overturn any discrete medical board determination. Rather, she is suing for unlawful workplace discrimination and retaliation, claims which may be pursued in a plenary action regardless of any parallel administrative decisions concerning her duty status.

With respect to the medical records, Plaintiff argues that those documents speak only to her diagnosis and fitness for duty—not to the underlying impetus for her leave. She contends that the factual disputes over the causes of her disability—as well as her allegations that it was exacerbated by gender based mistreatment—cannot be resolved on a motion to dismiss under CPLR § 3211(a)(1), which does not permit weighing evidence or deciding credibility.

**152196/2024   LOBOSCO, ADRIANA vs. CITY OF NEW YORK ET AL**                    **Page 2 of 6**
**Motion No.  001**

2 of 6

[* 2]

On the merits, Plaintiff maintains that her allegations far exceed the "petty slights" threshold: she describes an entrenched gender based door open policy, explicit comments about not leaving her alone with male colleagues, systemic denial of overtime, and demotion. Viewed in their totality, she insists, these facts permit every reasonable inference of gender animus and retaliatory motive under the liberal pleading standards governing the NYCHRL.

Lastly, Plaintiff defends her request for punitive damages and her claims against individual defendants. She notes that the NYCHRL expressly authorizes punitive awards against individual and municipal defendants alike, and that she has pled facts sufficient to show that certain supervisors acted with the conscious disregard for her rights necessary to support such relief. In Plaintiff's view, Defendants' motion is but a thinly disguised bid for summary judgment on disputed facts, and it should be denied in full.

## DISCUSSION

"On a motion to dismiss a cause of action pursuant to CPLR § 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, *prima facie*, that the time in which to sue has expired" (*Benn v Benn*, 82 AD3d 548, 548 [1st Dept 2011][*quoting Island ADC, Inc. v Baldassano Architectural Group, P.C.*, 49 AD3d 815, 816 [2d Dept 2008]); *see also Gravel v Cicola*, 297 AD2d 620 [2d Dept 2002]). "The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations has been tolled or was otherwise inapplicable, or whether the action was actually commenced within the period propounded by the defendant" (*QK Healthcare, Inc. v InSource, Inc.*, 108 AD3d 56, 65 [2d Dept 2013]; *see MTGLQ Investor, LP v Wozencraft*, 172 AD3d 644 [1st Dept 2019]; *Epiphany Community Nursery School v Levey*, 171 AD3d 1 [1st Dept 2019]; *J.A. Lee Elec., Inc. v City of New York*, 119 AD3d 652 [2d Dept 2014]). A plaintiff's submissions in response to the motion "must be given their most favorable intendment" (*Benn*, 82 AD3d at 548, *supra quoting Arrington v New York Times Co*., 55 NY2d 433, 442 [1982]).

On a motion to dismiss pursuant to CPLR § 3211(a)(7), the court must afford the complaint a liberal construction, accept the facts alleged as true, and give the plaintiff the benefit of every favorable inference (*see Leon v. Martinez*, 84 NY2d 83, 87–88 [1994]; *Sokoloff v. Harriman Estates Dev. Corp*., 96 NY2d 409, 414 [2001]). The motion must be denied if the pleading states facts that fit within any cognizable legal theory (*see Guggenheimer v. Ginzburg*, 43 NY2d 268, 275 [1977]).

On a motion to dismiss under CPLR § 3211 (a)(1), courts may grant such relief only where the "documentary evidence" is of such nature and quality –"unambiguous, authentic, and undeniable" – that it utterly refutes plaintiff's factual allegation, thereby conclusively establishing a defense as a matter of law (*see Phillips v Taco Bell Corp*., 152 AD3d 806, 806-807 [2d Dept 2017]; *VXI Lux Holdco S.A.R.L v SIC Holdings, LLC*, 171 AD3d 189, 193 [1st Dept 2019] ["A paper will qualify as 'documentary evidence' if ... (1) it is 'unambiguous,' (2) it is of 'undisputed authenticity,' and (3) its contents are 'essentially undeniable'"].) The Appellate Division, First Department, has explained that the documentary evidence must "definitely dispose of the plaintiff's claim" (*Art & Fashion Group Corp. v Cyclops Prod., Inc*., 120 AD3d 436, 438 [1st Dept 2014]).

**152196/2024   LOBOSCO, ADRIANA vs. CITY OF NEW YORK ET AL**                              **Page 3 of 6**
**Motion No.  001**

3 of 6

### I.        Timeliness and the Continuing Violation Doctrine

Defendants' argument that the claims are time-barred under CPLR §3211(a)(5) fails at this stage. Plaintiff filed suit on March 11, 2024, and alleges a pattern of hostile work environment and gender discrimination extending through October 2021 and beyond. As courts have repeatedly held, hostile work environment claims are, by their nature, "based on the cumulative effect of individual acts" and thus "cannot be said to occur on any particular day" (*Nat'l R.R. Passenger Corp. v. Morgan*, 536 US 101, 115 [2002]; *see also Gerald v. DCV Holdings, Inc.*, 2021 WL 2809915 [E.D. New York 2021]). In *St. Jean Jeudy v. City of New York*, 142 AD3d 821 [1st Dept 2016], the Appellate Division, First Department, applied the continuing violation doctrine where a plaintiff alleged a persistent pattern of discriminatory conduct extending into the limitations period. Plaintiff's allegations here, including her leave commencing in October 2021, fall well within the actionable period. Accordingly, the continuing violation doctrine applies, and Defendants have not met their burden to establish untimeliness as a matter of law (*Benn v. Benn*, 82 AD3d 548, 548 [1st Dept 2011]).

### II.        Sufficiency of Discrimination and Hostile Work Environment Allegations

The NYCHRL and NYSHRL—as amended in 2019—require only that discriminatory conduct not amount to mere "petty slights or trivial inconveniences" (*Alshami v. City Univ. of N.Y.*, 203 AD3d 592 [1st Dept 2022]; *Fruchtman v. City of New York*, 129 AD3d 500 [1st Dept 2015]).

Here, Plaintiff's allegations surpass that standard. Indeed, Plaintiff identifies a facially discriminatory "open door" policy targeting female officers, remarks explicitly barring her from being alone with male colleagues to avoid "funny business," and a history of discriminatory overtime and assignment practices which cost her significant income—allegedly over $11,000 annually compared to male comparators. In *Williams v. New York City Hous. Auth.*, 61 AD3d 62 (1st Dept 2009), the Appellate Division, First Department, held that such gender-based differential treatment and derogatory comments could support a claim under the NYCHRL, especially where they impact compensation, assignments, and promotional opportunities.

Moreover, the complaint plausibly alleges both disparate treatment and a hostile work environment by showing that performance evaluations and monitoring varied according to protected characteristics, giving rise to a prima facie inference of discriminatory animus. Whether each proposed comparator is precisely analogous is an issue for discovery, not for decision on a motion to dismiss.

### III.        Retaliation Claims

Plaintiff asserts that she engaged in protected activity beginning in March 2021 and filed a formal OEEO complaint in May 2021. She alleges a sharp increase in scrutiny, punitive assignments, loss of overtime, and eventual placement on restricted duty thereafter. These allegations support the prima facie elements of retaliation under both NYCHRL and NYSHRL: (1) protected activity; (2) employer awareness; (3) materially adverse action; and (4) causal connection (*Sanderson–Burgess v. City of New York*, 173 AD3d 1233 [2d Dept 2019]).

**152196/2024   LOBOSCO, ADRIANA vs. CITY OF NEW YORK ET AL**                    **Page 4 of 6**
**Motion No.  001**

[* 4]                                                                4 of 6

Defendants' argument that Plaintiff's assignment to midnight tours after requesting such a shift somehow negates retaliation is premature. The question of motive and pretext is one of fact (*Bennett v. Health Mgmt. Sys., Inc.*, 92 AD3d 29 [1st Dept 2011]).

### IV.  Constructive Discharge

Although Plaintiff remains formally employed, she alleges she has been unable to return to work due to the psychiatric toll of persistent discrimination. Under the NYCHRL and NYSHRL, constructive discharge can be pled where an employer creates an intolerable atmosphere that compels resignation (*Bond v. New York City Health & Hosps. Corp.*, 215 AD3d 469 [1st Dept 2023]; *Pugliese v. Actin Biomed LLC*, 106 AD3d 591 [1st Dept 2013]). Whether Plaintiff ultimately resigns is not dispositive here; rather, her factual allegations of enduring humiliating treatment and functional exclusion from her workplace suffice to permit discovery on this claim.

### V.  Article 78 Is Not a Bar

Defendants' assertion that Plaintiff was required to proceed via Article 78 misapprehends the nature of this action. Plaintiff does not challenge an administrative determination; she seeks redress for unlawful discrimination and retaliation. The Court of Appeals has long recognized that "a plaintiff alleging unlawful discrimination may pursue a plenary action" even when the alleged discrimination coincides with administrative action (*Koener v. State of New York*, 62 NY2d 442 [1984]).

### VI.  Documentary Evidence Under CPLR § 3211(a)(1)

None of the documents proffered by Defendants "utterly refutes" Plaintiff's factual allegations. Medical assessments, therapist letters, and restricted duty certificates reflect opinions and diagnoses—none of which are incontrovertible or dispositive as a matter of law (*Goshen v. Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314 [2002]; *511 W. 232nd Owners Corp. v. Jennifer Realty Co.*, 98 NY2d 144 [2002]). Even if considered, they do not defeat Plaintiff's discrimination claims, which rest not on failure to accommodate but on the conditions that caused her departure from full duty.

### VII.  Punitive Damages

The court declines to strike Plaintiff's demand for punitive damages at this juncture. Under NYCHRL, punitive damages are available against individual defendants (*Milliken v. Town of Cornwall*, 293 AD2d 584 [2d Dept 2002]) and, under § 8-502(a) of the NYC Administrative Code, may be available against the City unless otherwise barred. As set forth in *Jordan v. City of New York*, 2024 WL 4872186 (S.D.N.Y. Nov. 22, 2024), the NYCHRL contains explicit statutory authority rebutting the common law presumption against municipal punitive liability.

Accordingly, it is hereby

ORDERED that the motion to dismiss the verified complaint is DENIED in its entirety; and it is further

152196/2024   LOBOSCO, ADRIANA vs. CITY OF NEW YORK ET AL                    Page 5 of 6
Motion No.  001

5 of 6

ORDERED that Defendants shall serve and file an answer within twenty (20) days of this decision and order, per CPLR § 3211(f); and it is further

ORDERED that the parties shall appear for a preliminary conference on a date to be scheduled by the court's Differentiated Case Management part.

This constitutes the decision and order of the court.

**5/20/2025**
**DATE**

**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | **X** | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- |
| | | GRANTED | **X** DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**152196/2024   LOBOSCO, ADRIANA vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

Page 6 of 6

6 of 6

[* 6]