■ JOHN PAGLIACCIO, Appellant, v HOLBORN CORPORATION et al., Respondents. [734 NYS2d 148] —Order, Supreme Court, New York County (Edward Lehner, J.), entered October 12, 2000, which granted defendants' motion for summary judgment dismissing plaintiff's sixth cause of action for tortious interference, and denied plaintiff's cross motion for summary judgment on his first and second causes of action for breach of contract, unanimously modified, on the law, to deny defendants' motion and to reinstate the sixth cause of action for tortious interference, and otherwise affirmed, without costs.

The motion court granted summary judgment dismissing plaintiff's sixth cause of action for tortious interference with prospective business relations upon finding that defendants had established, as a matter of law, that the alleged interference was not accomplished by "improper means" (see, Guard-Life Corp. v Parker Hardware Mfg. Corp., 50 NY2d 183, 187). This was error. While civil suits and threats thereof constitute "improper means" only if such tactics are frivolous (see, Restatement [Second] of Torts § 767), a triable issue of fact as to whether defendants did indeed frivolously threaten to sue plaintiff's employer if plaintiff's employment was not curtailed or terminated, is raised in light of plaintiff's undisputed refusal to sign a non-compete agreement while he was in defendants' employ and the consequent apparent absence of any legal ground for the threatened claims against his subsequent employer. We note that this is not a situation in which allowing a cause of action for tortious interference will compromise an employer's right freely to terminate an at-will employee.

The denial of plaintiff's cross motion for summary judgment upon his claims for breach of contract was correct since the record discloses the existence of genuine factual issues as to whether there was an agreement between the parties guaranteeing plaintiff a bonus. Concur—Sullivan, P. J., Rosenberger, Williams, Tom and Friedman, JJ.