■ JOHN MASCOLA, Appellant, v CITY UNIVERSITY OF NEW YORK et al., Respondents. [787 NYS2d 655]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered October 22, 2003, which granted defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint, unanimously affirmed, without costs.

The alleged gender-based employment violations under the Human Rights Law (Executive Law § 296 [1] [a]) are keyed to federal standards (*see Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997]), and governed by a three-year statute of limitations (CPLR 214 [2]; *Koerner v State of New York*, 62 NY2d 442 [1984]). Even assuming the truth of the facts pleaded, and

granting plaintiff every favorable inference, the claim for hostile work environment was properly dismissed because the allegations did not rise to the level of being "severe or pervasive" (*see Meritor Sav. Bank, FSB v Vinson*, 477 US 57, 67 [1986]). Plaintiff did not adequately allege facts to give rise to an inference of unlawful discrimination (*see Texas Dept. of Community Affairs v Burdine*, 450 US 248, 253 [1981]) for failure to promote. Regarding the claim of constructive discharge, plaintiff failed to allege facts sufficiently to support an inference that defendants deliberately created working conditions so intolerable, difficult or unpleasant that a reasonable person would have felt compelled to resign (*see Stetson v NYNEX Serv. Co.*, 995 F2d 355, 361 [2d Cir 1993]).

As the claims against the university were properly dismissed, the court also properly dismissed the claims against the individual defendants for aiding and abetting (*see Trovato v Air Express Intl.*, 238 AD2d 333 [1997]; *compare Murphy v ERA United Realty*, 251 AD2d 469, 472 [1998]). Concur—Saxe, J.P., Friedman, Sullivan, Nardelli and Williams, JJ.