■ Yvonne Hanratty Massaro, Appellant, v Department of Education of the City of New York et al., Respondents. [993 NYS2d 905]—

Judgment, Supreme Court, New York County (Anil C. Singh, J.), entered August 1, 2013, dismissing the complaint, and bringing up for review an order, same court and Justice, entered May 10, 2013, which granted defendants' motion to dismiss the second amended complaint, unanimously affirmed, without costs. Appeal from aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Supreme Court correctly determined that plaintiff has no viable retaliation claim. Plaintiff's prior lawsuit against defendant the Department of Education and her statements to the media in 2010 do not constitute protected speech under the First Amendment or article I, §§ 8 and 9 of the New York Con-

stitution, as they primarily concern personal grievances, rather than matters of public concern (*Ruotolo v City of New York*, 514 F3d 184, 188 [2d Cir 2008]). Further, plaintiff does not allege that her single "U" rating, unaccompanied by any material negative employment consequences, would "deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights" (*Zelnik v Fashion Inst. of Tech.*, 464 F3d 217, 225 [2d Cir 2006], *cert denied* 549 US 1342 [2007] [internal quotation marks omitted]). In addition, plaintiff's allegations regarding causation are conclusory (*cf. Morris v Lindau*, 196 F3d 102, 110-111 [2d Cir 1999]), and there is insufficient temporal proximity between the speech and the supposedly adverse action so as to create an inference of causation (*see Clark County School Dist. v Breeden*, 532 US 268, 273-274 [2001 per curiam]).

Plaintiff failed to adequately plead discriminatory animus, which is fatal to both her age discrimination and hostile work environment claims under the State and City Human Rights Laws (HRL) (Executive Law § 290 *et seq.*; Administrative Code of City of NY § 8-101 *et seq.*). Indeed, her allegations that she was 51 years old and was treated less well than younger teachers are insufficient to support her claims (*see Askin v Department of Educ. of the City of N.Y.*, 110 AD3d 621, 622 [1st Dept 2013]). Her conclusory hostile work environment claims also fail because defendants' alleged behavior amounts to "no more than petty slights or trivial inconveniences" (*Williams v New York City Hous. Auth.*, 61 AD3d 62, 79-80 [1st Dept 2009] [NYC HRL]; *see also Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 310-311 [2004] [NYS HRL]). Concur—Friedman, J.P., Sweeny, Acosta, Saxe and Manzanet-Daniels, JJ. ▪