■ LOTES CO., LTD., Appellant, v HON HAI PRECISION INDUSTRY CO., LTD., Respondent. [63 NYS3d 328]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about September 13, 2016, which granted defendant's motion for summary judgment dismissing the complaint in its entirety, unanimously affirmed, with costs.

The parties are Taiwanese companies and direct competitors in the production and sale of USB 3.0 connectors for computers and other electronic devices. USB connectors conform to the industry-standard USB specifications developed and maintained by the USB-Implementors Forum (the USB-IF). As a member of the USB-IF, defendant, as relevant here, executed the USB 3.0 Contributors Agreements and the USB 3.0 Adopters Agreement, which contractually obligated defendant to license to plaintiff, also a member, the intellectual property "necessary" to practice the USB 3.0 standard, on a royalty-free basis, and on otherwise reasonable and nondiscriminatory (RAND) terms. Patent licenses for necessary technology are referred to as "Necessary Claims." Defendant has also "unequivocally affirmed" its willingness to license other detailed features of USB connectors to members on RAND terms. Such technology, which falls outside the Necessary Claims category, is referred to as "Optional Claims" or "Non-Necessary Claims." Plaintiff initiated this action, asserting various claims against defendant in connection with its efforts to obtain the licenses.

The court correctly dismissed all of plaintiff's causes of action. With respect to breach of contract, while there is no dispute that defendant was obligated to license to plaintiff the "Necessary Claims," and ultimately did provide that license, the factual record, even in the absence of further discovery,

precludes a finding that defendant breached this obligation by wrongfully delaying the grant of such a license to plaintiff. Contrary to plaintiff's claim, the record does not contain numerous requests from plaintiff asking defendant to comply with the license requirement without any qualification or contingency. Rather, it shows that plaintiff consistently requested that defendant provide a draft license, along with other patent claim information, for plaintiff's review, as part of a license negotiation, and the delay in completing the license negotiation process was not due to defendant's improper conduct.

The court also correctly dismissed the promissory estoppel claim, which is based on defendant's alleged wrongful failure to fulfill unequivocal promises to license to plaintiff its Optional Claims on RAND terms. Defendant never made an enforceable promise to license plaintiff the Optional Claims. While defendant unequivocally affirmed to the USB-IF its willingness to license Optional Claims, that commitment obliged defendant to, at most, negotiate such a license to any USB-IF member who sought it, and it cannot serve as the basis for plaintiff's promissory estoppel claim as alleged here. The record establishes defendant's willingness to negotiate and provide such a license to plaintiff and shows that the plaintiff's failure to obtain the license was not the result of defendant's unwillingness to do so.

The court properly dismissed plaintiff's claim that defendant tortiously interfered with prospective contractual relations by threatening plaintiff's potential customers with patent infringement litigation for using plaintiff's products based on a ruling in the Chinese courts finding that plaintiff had infringed on defendant's patents. Since plaintiff has not alleged and cannot show that defendant's threats of civil suit were frivolous, it cannot establish the "wrongful means" element (*see Pagliaccio v Holborn Corp.*, 289 AD2d 85 [1st Dept 2001]). Given that, the unjust enrichment claim, based on the purportedly wrongful benefit defendant received from its alleged tortious interference, was also correctly dismissed.

Finally, the court correctly dismissed the claim for breach of the implied covenant of good faith and fair dealing based on defendant's failure to provide a claims list identifying what it considers to be Necessary Claims. The failure to provide such a list did not deprive plaintiff of receiving the benefits under the agreement (*see Sorenson v Bridge Capital Corp.*, 52 AD3d 265, 267 [1st Dept 2008], *lv dismissed* 12 NY3d 748 [2009]). Indeed, plaintiff is presently enjoying the benefits of the license. Fur-

ther, plaintiff cannot use this claim to impose on defendant the obligation of creating a claims list that is not provided for in the express terms of the USB-IF agreements (*see Vanlex Stores, Inc. v BFP 300 Madison II LLC*, 66 AD3d 580, 581 [1st Dept 2009]; *Fesseha v TD Waterhouse Inv. Servs.*, 305 AD2d 268 [1st Dept 2003]). Concur—Friedman, J.P., Richter, Andrias, Gische and Moulton, JJ.