Thomas v Mintz (2020 NY Slip Op 02367)





Thomas v Mintz


2020 NY Slip Op 02367


Decided on April 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2020

Acosta, P.J., Richter, Manzanet-Daniels, Gische, Kapnick, JJ.


11405 103397/11

[*1]Deborah Thomas, Plaintiff-Appellant,
v
Jonathan Mintz, etc., et al., Defendants-Respondents.


Stewart Lee Karlin Law Group P.C., New York (Daniel Edward Dugan of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Janet L. Zaleon of counsel), for respondents.



Order, Supreme Court, New York County (Carmen Victoria St. George, J.), entered August 2, 2018, which granted defendant's motion to dismiss the complaint alleging discrimination, retaliation, and hostile work environment under the New York State Human Rights Law (HRL) and the New York City HRL, unanimously modified, on the law, to deny the motion as to the retaliation claim, and otherwise affirmed, without costs.
Under the lenient notice pleading standard afforded to employment discrimination cases, the complaint states a cause of action for retaliation (see Petit v Department of Educ. of the City of N.Y., 177 AD3d 402, 403 [1st Dept 2019], citing Vig v New York Hairspray Co., L.P., 67 AD3d 140, 145 [1st Dept 2009]). It alleges that plaintiff filed a discrimination complaint in December 2010, that defendant Jonathan Mintz was notified of the complaint in November 2011, and that six months later plaintiff was charged with departmental misconduct that allegedly had occurred more than a year earlier.
The complaint fails to state causes of action for discrimination and a hostile work environment, because it does not allege that defendants' actions occurred under circumstances that give rise to an inference of discrimination (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305, 310 [2004]; Massaro v Department of Educ. of the City of N.Y., 121 AD3d 569 [1st Dept 2014], lv denied 26 NY3d 903 [2015]). It does not allege facts that would establish that similarly situated persons who were male or were not of African American descent were treated more favorably than plaintiff was (see Askin v Department of Educ. of City of N.Y., 110 AD3d 621 [1st Dept 2013]). Instead, the complaint merely asserts the legal conclusion that defendants' adverse employment actions and plaintiff's termination were due to race and gender (see Askin, 110 AD3d at 622). The hostile work environment cause of action fails for the additional reason that the handful of potentially insensitive comments made by her superior over the course of a few years do not rise to a level that is actionable under either the State or the City HRL (see [*2]Forrest, 3 NY3d at 311; Williams v New York City Hous. Auth., 61 AD3d 62, 79-80 [1st Dept 2009], lv denied 13 NY3d 702 [2009]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2020
CLERK