Pappas v Moody's Inv. Serv. (2022 NY Slip Op 01249)





Pappas v Moody's Inv. Serv.


2022 NY Slip Op 01249


Decided on February 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 24, 2022

Before: Acosta, P.J., Kapnick, Friedman, Singh, Pitt, JJ. 


Index No. 158504/19 Appeal No. 15360 Case No. 2021-01012 

[*1]Christopher Pappas, Plaintiff-Appellant,
v
Moody's Investor Service, Defendant-Respondent.


Kraus & Zuchlewski LLP, New York (Pearl Zuchlewski of counsel), for appellant.
Morgan, Lewis & Bockius LLP, New York (Kenneth J. Turnbull of counsel), for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered January 25, 2021, which granted defendant's motion to dismiss the complaint and denied plaintiff's cross motion for leave to file a second amended complaint, unanimously affirmed, without costs.
The complaint fails to state causes of action for discrimination and retaliation under the State and City Human Rights Laws (Executive Law § 296 and Administrative Code of City of NY § 8-107). It fails to allege that plaintiff is a member of a protected class (see Matter of Local 621 v New York City Dept. of Transp., 178 AD3d 78, 81 [1st Dept 2019], lv dismissed 35 NY3d 1106 [2020]) or that he was treated differently or less well than his female coworkers (see e.g. Massaro v Department of Educ. of the City of N.Y., 121 AD3d 569 [1st Dept 2014], lv denied 26 NY3d 903 [2015]). Plaintiff's argument that defendant, his former employer, could institute a sham sexual harassment claim against him only because he is male is unavailing. In any event, he failed to establish that female coworkers who engaged in similar behavior were not investigated for sexual harassment. The complaint contains no allegations of comments or references to his gender to support an inference of discriminatory animus (see Whitfield-Ortiz v Department of Educ. of City of N.Y., 116 AD3d 580, 581 [1st Dept 2014]).
In support of the retaliation claim, the complaint fails to allege that plaintiff engaged in a protected activity and suffered an adverse employment action because of it (see Koester v New York Blood Ctr., 55 AD3d 447, 448-449 [1st Dept 2008]). Contrary to plaintiff's contentions, his participation in the sexual harassment investigation is not a protected activity, because he was the alleged harasser (cf. Sorrentino v Bohbot Entertainment & Media, 265 AD2d 245 [1st Dept 1999] [actions in opposition to practices forbidden by the Human Rights Laws are actions protected against retaliation]).
The complaint fails to state a cause of action for tortious interference with a prospective business advantage, because it does not allege specific facts that, if proven, would demonstrate that defendant was motivated solely by a desire to harm plaintiff (see Jacobs v Continuum Health Partners, 7 AD3d 312 [1st Dept 2004]) and that it used wrongful means to do so (see Carvel Corp. v Noonan, 3 NY3d 182, 191-192 [2004]). The motion court providently denied plaintiff leave to amend the complaint to assert additional facts in support of this claim, because "under no set of circumstances could plaintiff have made out a case for tortious interference with advantageous business
relations" (Eighth Ave. Garage Corp. v H.K.L. Realty Corp., 60 AD3d 404, 405 [1st Dept 2009], lv dismissed 12 NY3d 880 [2009]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2022