Lively v Wafra Inv. Advisory Group, Inc. (2022 NY Slip Op 06887)

Lively v Wafra Inv. Advisory Group, Inc.

2022 NY Slip Op 06887

Decided on December 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 06, 2022

Before: Renwick, J.P., Manzanet-Daniels, Gesmer, Kennedy, Shulman, JJ. 

Index No. 154121/21 Appeal No. 16808 Case No. 2022-02141 

[*1]Francis P. Lively, Plaintiff-Appellant,
v
Wafra Investment Advisory Group, Inc., et al., Defendants-Respondents.

Brewer, Attorneys & Counselors, New York (Christopher T. Zona of counsel), for appellant.
Paul, Weiss, Rifkind, Wharton & Garrison, LLP, New York (Brette Tannenbaum of counsel), for respondents.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about January 21, 2022, which granted defendants' motion to dismiss the complaint, unanimously affirmed, with costs.
Plaintiff was employed by defendant Wafra Investment Advisory Group Inc. for 21 years. At the time his employment was terminated, he was Wafra's senior managing director of real estate, a role he assumed in 2017. Wafra's CEO at the time was defendant Fawaz Al-Mubaraki. Plaintiff was terminated by Wafra in May 2018, ostensibly due to complaints of sexual harassment made against him by one of his subordinates. After filing suit in federal court based on federal claims of discrimination under the Age Discrimination in Employment Act (ADEA), plaintiff commenced this action in Supreme Court.
As an initial matter, we note that the Second Circuit's decision in Lively v WAFRA Inv. Advisory Group, Inc. (6 F 4th 293 [2d Cir 2021]) affirming the dismissal of plaintiff's federal complaint does not preclude, based on principles of collateral estoppel, plaintiff's New York State Human Rights Law (State HRL) and City Human Rights Law (City HRL) discrimination and retaliation claims. Neither New York statute has been interpreted to require that the complaint allege "but-for" causation at the pleading stage, which was the finding that served as the primary basis for the Second Circuit's decision (see Petit v Department of Educ. of the City of N.Y., 177 AD3d 402, 403 [1st Dept 2019]; cf. Wiltz v City of New York, 191 AD3d 452 [1st Dept 2021], appeal dismissed 37 NY3d 1038 [2021] [finding HRL claims barred by collateral estoppel because the claims raised the same issues decided in the prior federal action]).
In any event, even under the lenient notice pleading standard afforded to employment discrimination claims under state law, the complaint fails to sufficiently allege age discrimination under State HRL (Executive Law § 296) or City HRL (Administrative Code of City of NY §§ 8-101, 8-107) (see e.g. Harrington v City of New York, 157 AD3d 582, 584 [1st Dept 2018]). The complaint alleges that defendant Al-Mubaraki made negative comments about plaintiff's age on a few occasions in the summer of 2017 and November 2017, but it fails to plead a causal connection between these remarks and his termination several months later (see Brown v City of New York, 188 AD3d 518, 519 [1st Dept 2020]). Moreover, during that time, plaintiff was allegedly promoted to a senior managing director position and was commended for his exceptional work by Al-Mubaraki during his 2017 and 2018 annual formal evaluations. Plaintiff also alleges that another Wafra employee had complained that he had sent the employee "written messages of a personal romantic nature," and that he was terminated shortly after being notified of this complaint.
In addition, plaintiff failed to allege facts showing that the named comparators were terminated under similar circumstances or that younger employees were treated more [*2]favorably (see Thomas v Mintz, 182 AD3d 490, 490 [1st Dept 2020]; Pappas v Moody's Inv. Serv., 202 AD3d 630, 630 [1st Dept 2022]). Indeed, plaintiff does not allege that any of the terminated "older" employees were replaced by younger workers. In light of the inadequate and inconsistent allegations in the complaint, and the lapse in time between Al-Mubaraki's comment and plaintiff's termination, the assertion that his termination was based on age discrimination is conclusory, and the claims under the State and City HRLs were properly dismissed (see Brown, 188 AD3d 518; Askin v Department of Educ. of the City of N.Y., 110 AD3d 621, 622 [1st Dept 2013]).
As for plaintiff's retaliation claims, he fails to allege a causal connection between his complaint about Al-Mubaraki's age-related comments in November 2017 and his termination nearly six months later, in May 2018, absent other facts (see e.g. Bantamoi v St. Barnabas Hosp., 146 AD3d 420, 420 [1st Dept 2017]; Matter of Parris v New York City Dept. of Educ., 111 AD3d 528, 529 [1st Dept 2013], lv denied 23 NY3d 903 [2014]).
Plaintiff's tortious interference with prospective business relations claim fails because the complaint lacks any nonconclusory allegations that his termination was made with malicious intent to interfere with his prospective business and contractual relations (see e.g. Pappas, 202 AD3d at 631; Devash LLC v German Am. Capital Corp., 104 AD3d 71, 79 [1st Dept 2013], lv denied 21 NY3d 863 [2013]). Moreover, he has not alleged that defendants engaged in wrongful conduct directed at the prospective third parties (see Devash, 104 AD3d at 79). His defamation claim also fails because the complaint does not plead with any particularity what false statements defendants had made about him and to whom (see Flowers v Stillrock Mgt., 179 AD2d 361, 362 [1st Dept 1992]). In any event, to the extent defendants' statements are based on the Equal Employment Opportunity Commission complaint filed by the employee who complained of plaintiff's behavior, the statements are protected under Civil Rights Law § 74 (see e.g. Lacher v Engel, 33 AD3d 10 [1st Dept 2006]; see also Bernstein v Seeman, 593 F Supp 2d 630, 636 [SD NY 2009]).
Plaintiff's negligence claim was properly dismissed, as an injured employee's exclusive remedy for injury caused by gross negligence or reckless conduct is provided by the Workers' Compensation Law (see Martinez v Canteen Vending Servs. Roux Fine Dining Chartwheel, 18 AD3d 274 [1st Dept 2005]).
Plaintiff has failed to state a cause of action for unjust enrichment or quantum meruit because the complaint lacks facts showing that defendants were enriched at his expense (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142 [2009]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 6, 2022