Lucas v Verizon Communications, Inc. (2023 NY Slip Op 05190)

Lucas v Verizon Communications, Inc.

2023 NY Slip Op 05190

Decided on October 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 12, 2023

Before: Webber, J.P., Kern, Singh, Scarpulla, Rosado, JJ. 

Index No. 652529/20 Appeal No. 761 Case No. 2023-02043 

[*1]Jeff Lucas, Plaintiff-Respondent,
v
Verizon Communications, Inc. et al., Defendants-Appellants.

Morgan, Lewis & Bockius LLP, New York (Randall M. Levine of counsel), for appellants.
Hoguet Newman Regal & Kenney, LLP, New York (Damian R. Cavaleri of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about March 14, 2023, which, to the extent appealed from, denied the motion of defendants Verizon Communications, Inc. and Verizon Media, Inc. (collectively Verizon) for summary judgment dismissing plaintiff's claim for tortious interference with prospective business relations, unanimously reversed, on the law, and the motion granted. The Clerk is directed to enter judgment in favor of defendants.
In 2018, Verizon hired plaintiff as head of North American sales. The undisputed facts show that plaintiff's counsel and Verizon specifically negotiated over (among others) a non-compete provision. Plaintiff ultimately signed that provision in exchange for a restricted stock unit award — with a target value of $2,000,000, vesting in equal parts over three years — in addition to his annual salary and various bonuses.
In February 2020, plaintiff received a job offer from nonparty Warner Media LLC (WarnerMedia), which Verizon contends is a competitor. In a letter dated March 13, 2020, Verizon warned plaintiff that moving to WarnerMedia may result in legal action against him. In a follow-up letter dated April 13, 2020, defendant reiterated its legal position and expressed the hope that plaintiff would remain a Verizon employee. On May 8, 2020, plaintiff resigned from Verizon. On June 5, 2020, WarnerMedia informed plaintiff that it would not hire him if he had not resolved the matter with Verizon by June 30, 2020. On July 1, 2020, WarnerMedia stated that its offer had expired.
Verizon established as a matter of law that plaintiff could not sustain his cause of action for tortious interference with prospective business relations, as the record presents no evidence that Verizon used "wrongful means" to interfere with a business relationship or that its actions arose solely from malice — a necessary element of the cause of action (see Carvel Corp. v Noonan, 3 NY3d 182, 191-192 [2004]; Pappas v Moody's Inv. Serv., 202 AD3d 630, 631 [1st Dept 2022]).
Although plaintiff contends that Verizon wrongfully threatened litigation against him to enforce the noncompete provision, the "wrongful means" element of the cause of action is satisfied only where the threatened lawsuit is frivolous (see Lotes Co., Ltd. v Hon Hai Precision Indus. Co., Ltd., 154 AD3d 579, 580 [1st Dept 2017]; Pagliacchio v Holborn Corp., 289 AD2d 85, 85 [1st Dept 2001]). In light of the above facts, and considering that Verizon has successfully enforced a similar noncompete provision in the past (see Verizon Communications Inc. v Pizzirani, 462 F Supp 2d 648, 661 [ED Pa 2006] [applying New York law]), there was an objectively reasonable basis to believe that the provision in its agreement with plaintiff was enforceable. Supreme Court's finding that the noncompete provision was likely unenforceable in previously denying a temporary restraining order was not sufficient to negate that basis (see Icy Splash Food & Beverage[*2], Inc. v Henckel, 14 AD3d 595, 596 [2d Dept 2005]).
Furthermore, the record does not support plaintiff's argument that Verizon took its legal position solely out of a personal dislike for plaintiff, or solely by a desire to harm him (see Pappas, 202 AD3d at 631; Barrett v Toroyan, 39 AD3d 366, 366-367 [1st Dept 2007]). On the contrary, the record shows that Verizon's actions were motivated by economic self-interest (see Levy v P&R Dental Strategies, 302 AD2d 255 [1st Dept 2003], lv denied 1 NY3d 501 [2003], cert denied 541 US 1010 [2004]; see also Devash LLC v German Am. Capital Corp., 104 AD3d 71, 79 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2023