## Aykac v City of New York

2025 NY Slip Op 31146(U)

April 7, 2025

Supreme Court, New York County

Docket Number: Index No. 161516/2023

Judge: Ariel D. Chesler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. ARIEL D. CHESLER**                PART                    51M
                            *Justice*

-----------------------------------------------------------------------------X

ILTER AYKAC,                                                    INDEX NO.            161516/2023

                                        Plaintiff,             MOTION DATE          05/31/2024

                  - v -                                        MOTION SEQ. NO.          001

CITY OF NEW YORK,

                                                              **DECISION + ORDER ON
                                                                    MOTION**

                                        Defendant.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17

were read on this motion to/for                    DISMISSAL                    .

Plaintiff Ilter Aykac, a retired New York City Police Department ("NYPD") detective, commenced this action to recover damages against the City of New York ("defendant" or "City") for employment discrimination and hostile work environment under Administrative Code § 8-107 (also known as the New York City Human Rights Law ["NYCHRL"]). Plaintiff asserts the following cause of actions against defendant: discrimination based on disability in that defendant denied plaintiff benefits due to his disability under Administrative Code § 8-107 (count I); hostile work environment based on disability in violation of Administrative Code § 8-107 (count II); and, discrimination strict liability based on disability in violation of Administrative Code § 8-107 (13)(b) (count III). The verified summons and complaint are dated November 27, 2023 (NYSCEF Doc. No. 9).

Plaintiff commenced a prior action against defendant City along with Dr. Leon Eisikowitz, a NYPD Medical Division doctor ("Dr. Eisikowitz") under Index No. 805009/2022, which remains active against the City and Dr. Eisikowitz (NYSCEF Doc. No. 5, Exhibit 1, *Aykac I* Complaint). Currently, defendant City makes a pre-answer motion to dismiss plaintiff's

**161516/2023  AYKAC, ILTER vs. CITY OF NEW YORK**
  **Motion No.  001**

Page 1 of 14

[* 1]

complaint in its entirety pursuant to CPLR § 3211 (a) (4), which provides that where there is

another action between the same parties based on the same underlying facts, the court may

dismiss or "make such order as justice requires"; CPLR § 3211 (a)(5), which, as pertinent here,

states that dismissal is appropriate where res judicata applies; CPLR § (a)(7), which allows for

dismissal where the complaint does not state a valid claim. Alternatively, City moves for a stay

under CPLR § 2201 pending the outcome of *Aykac I* as to plaintiff's failure to accommodate

claim. Plaintiff opposes the motion. Upon the foregoing documents, the court grants the motion

and dismisses the complaint in its entirety.

<u>Prior Action – *Ilter Aykac v City of New York*, et. al.,</u>
<u>Index No. 805009/2022 ("2022 action" or "*Aykac I*")</u>

In the memorandum of law in support of defendant's motion, defendant cites to plaintiff's

2022 action against defendant City and Dr. Eisikowitz. The complaint (NYSCEF Doc. No. 5,

Exhibit 1, *Aykac I* Complaint) alleged that plaintiff was subjected to discrimination and a hostile

work environment due to his disability, and also asserted a discrimination claim against the City

under a theory of vicarious liability and a claim that the City failed to engage in a cooperative

dialogue and provide him with a reasonable accommodation in violation of the NYCHRL (*id*.).

Plaintiff began working as a police officer for the New York City Police Department (NYPD) in

2008 (*id*., ¶ 6). In the following year, he was promoted to detective, and at the time of his

complaint, he was a First Grade Detective (*id*., ¶ ¶ 9, 13). On March 27, 2020, he tested positive

for COVID-19 and suffered complications requiring a hospital stay on March 31, 2020 (*id*., ¶¶

17-22). After his release from the hospital on April 8, 2020, plaintiff needed oxygen machines

for breathing as well as regular nurse visits, and he informed his employer that that he could not

return to work (*id*., ¶¶ 23-26). Plaintiff's allegations against Dr. Eisikowitz, the NYPD district

surgeon, include harassment, the leveling of insults, tardiness for appointments, among other

**161516/2023  AYKAC, ILTER vs. CITY OF NEW YORK**                        **Page 2 of 14**
  **Motion No.  001**

2 of 14

[* 2]

issues (*see id.*, ¶¶ 39, 41, 43, 45). Plaintiff further alleged that his own doctors advised him it was premature to return to work; however, Dr. Eisikowitz repeatedly pressured plaintiff to return to work and pressured other doctors to change their diagnoses (*id.*, ¶¶ 29, 33-34, 37, 48, 53, 64 ).

In November 2020, plaintiff was diagnosed with kidney cancer (*id.*, ¶ 83). Plaintiff returned to work in December 2020 because of Dr. Eisikowitz's pressure on him to return (*id.*, ¶¶ 86, 94; *see id.,* ¶¶ 99-106). On February 22, 2021, plaintiff underwent surgery to remove his cancer (*id.*, ¶ 115); then, subsequently on April 12, 2021 he underwent a second surgery to remove lymph nodes (*id.*, ¶ 123). Plaintiff contended that the NYPD doctors harassed him and engaged in retaliatory conduct against him, such as being forced to see an NYPD psychiatrist and undergo a walking test which gave him a seizure (*id.*, ¶¶ 154-158). Initially, on October 22, 2021, the NYPD denied plaintiff's application for a three-fourth disability pension, but on January 7, 2022, the NYPD reversed this decision. As a result of defendants' overall conduct, plaintiff alleged physical and emotional injury.

In *Aykac I*, plaintiff alleged 14 counts against defendants: disability discrimination under Administrative Code § 8-107, including failure to participate in cooperative dialogue with plaintiff and failure to accommodate his disabilities, which created a hostile work environment (count I); hostile work environment also under Administrative Code § 8-107 in that defendants "denied Plaintiff benefits of employment, including all favorable conditions and emoluments thereof" (NYSCEF Doc. No. 5, ¶ 23), and subjected him to discrimination and retaliation (count II); strict liability under Administrative Code § 8-107 (13)(b), which makes an employer liable for discriminatory practices by its employees in the employer managed or supervised the employee, or if it knew about and acquiesced in the discriminatory conduct or did not take prompt action to remedy the problem, or if it should have known about the conduct and was not

161516/2023  AYKAC, ILTER vs. CITY OF NEW YORK
Motion No.  001

Page 3 of 14

3 of 14

[* 3]

reasonably diligent in its efforts to prevent it (count III); failure of defendants to engage in cooperative dialogue mandated by the NYPD in violation of Administrative Code § 8-101 (count IV); punitive damages pursuant to Administrative Code § 8-502 (count V); negligent hiring, training and retention (count VIII); intentional infliction of emotional distress and negligent infliction of emotional distress (counts XI and XII); and retaliation and strict liability for the retaliation (counts XIII and XIV).

Justice John J. Kelley of the Supreme Court of this County granted defendants' motion to dismiss the complaint in the 2022 action (*Aykac I*, 2022 NY Slip Op 33639 [U], Sup Ct, NY County 2022 [NYSCEF Doc. No. 6, Exhibit 2]). The court dismissed plaintiff's claims of disability-based disparate treatment and hostile work environment (*id*.). Plaintiff appealed the decision, and on November 21, 2023, the First Department unanimously modified the trial court order to the extent of reinstating plaintiff's claim for failure to accommodate his disability (NYSCEF Doc. No. 7, Exhibit 3; *see Aykac v. City of New York*, 221 AD3d 494 [1st Dept 2023]).

The First Department concluded, as relevant here, that plaintiff's discrimination claims lacked merit because the complaint did not allege that he received worse treatment or was disadvantaged due to his disability (*id*.). Notably, the trial court and appeals court denied plaintiff's cross-motion to amend the complaint because the amendments did not remedy the problems with the original complaint. The amendments reiterated plaintiff's allegation of anticipated constructive discharge or termination and stated that plaintiff was denied promotions and other opportunities to advance in his profession. Upon remittitur to the trial court, the Judge ordered that *Aykac I* be transferred to the City Part (*Aykac I*, Index No. 805009-2022, NYSCEF Doc. No. 31). The case was transferred to this Part after the issuance of the order and the City

161516/2023   AYKAC, ILTER vs. CITY OF NEW YORK
Page 4 of 14
Motion No. 001

4 of 14

filed its answer on June 14, 2024. It does not appear that there has been any further activity in *Aykac I*.

### The Instant Action

Plaintiff commenced the instant action on November 27, 2023, less than a week after the First Department's order in *Aykac I*. Plaintiff, a retired NYPD detective, alleges that he was placed on restricted duty after becoming disabled on March 27, 2020 and as a result he was discriminated against and subjected to a hostile work environment because of his disability (NYSCEF Doc. No. 9, Exhibit B, Verified Complaint). The complaint rests on the same allegations as *Aykac I* but adds that he "was treated less well than his abled {sic} body colleagues" because he did not have the same rights to overtime that they had (*id*., ¶ 29). Also, the complaint alleges that this disadvantage created a hostile work environment. The complaint alleges that plaintiff's overtime pay from 2020-2022 was substantially less than three able-bodied colleagues' overtime benefits (*see id*., ¶¶ 36-56). Further, the complaint alleges that the NYPD policy has a disparate impact on disabled individuals. Plaintiff alleges that "he was terminated on August 31, 2022" (*id*., ¶ 59), but then he alleges that "[he] was forced to retire at age 38 and has a life expectancy of 78 years" (*id*., ¶ 62).

### Discussion

In the instant motion to dismiss, defendant argues that res judicata, or claim preclusion, bars the discrimination and hostile work environment claims in this action because they are being brought for the second time and arise from the same facts as *Aykac I*. Defendant argues that since Justice Kelly's decision dismissed plaintiff's claims of disability-based disparate treatment and hostile work environment on the merits in *Aykac I*, plaintiff cannot re-litigate these claims based on a new set of factual allegations as to an alleged discriminatory overtime policy that prevented

**161516/2023  AYKAC, ILTER vs. CITY OF NEW YORK**
**Page 5 of 14**
**Motion No.  001**

5 of 14

[* 5]

him from earning overtime compensation on par with non-disabled detectives, citing *Josey v Goord*, 9 NY3d 386, 389 (2007). Defendants argue that these allegations should have been raised in *Aykac I*.

Additionally, defendant argues that plaintiff fails to state cognizable claims for hostile work environment, disability, and vicarious liability. Defendant does not dispute that plaintiff has a disability but contends that plaintiff does not demonstrate that he was treated less favorably because of his disability, citing *Chin v New York City Hous. Auth.*, 106 AD3d 443, 445 (1st Dept 2013). Defendant argues that plaintiff fails to state whether the alleged policy is a written policy and he does not attach a copy of any such policy to the complaint (*see* NYSCEF Doc. No. 8, Exhibit 4). Defendant contends that despite the liberal pleading standard under the NYCHRL, plaintiff does not satisfy his burden of showing that defendant was motivated by discriminatory animus, citing *Massaro v Department of Educ. of the City of N.Y.*, 121 AD3d 569, 570 (1st Dept 2014).

Defendant also argues that plaintiff does not assert whether the alleged overtime policy was a written policy and he does not annex a copy of any overtime policy to the complaint. Defendant contends that the complaint does not state whether plaintiff requested overtime or whether he was denied overtime during the relevant period. Further, defendant argues that plaintiff fails to allege that defendant or an NYPD employee made statements showing an intent to reduce overtime opportunities for detectives with a disability or for him personally due to his disability. Defendant next argues that the NYPD has a facially neutral overtime policy and that plaintiff failed to show that he was not allotted overtime because of his disability. Defendant also argues that plaintiff fails to state a cognizable vicarious liability claim because there is no underlying conduct at issue as the complaint fails to allege how the implementation of the

161516/2023  AYKAC, ILTER vs. CITY OF NEW YORK
Motion No. 001

Page 6 of 14

6 of 14

[* 6]

overtime policy amounts to actionable, unlawful discriminatory conduct. Defendant further argues that plaintiff fails to demonstrate that NYPD employees took actions against plaintiff giving rise to an inference of discrimination.

Lastly, defendant argues that plaintiff fails to plead a cognizable constructive discharge claim because plaintiff merely alleges that he was forced to retire at age 38 and has a life expectancy of 78 years without any supporting details as to how the defendant or an NYPD employees made his working environment so intolerable that a reasonable person would feel compelled to resign, citing *Mascola v City Univ. of N.Y.*, 14 AD3d 409, 410 (1st Dept 2005).

In opposition, plaintiff rejects the argument that his claims are barred by res judicata because the prior complaint was not dismissed on the merits or with prejudice, citing *Condor Capital Corp. v CALS Invs., LLC*, 213 AD3d 433 (1st Dept 2023). Plaintiff also argues that since his termination from the NYPD occurred after he filed the 2022 action, then his disability discrimination claim against defendants is not barred by res judicata, citing *UBS Sec. LLC v Highland Capital Mgt., L.P.*, 86 AD3d 469, 476 (1st Dept 2011). According to plaintiff, his termination from the NYPD took place on August 31, 2022, and this date "cemented" his disability discrimination claim against defendant because in denying him overtime, defendant caused plaintiff's pension to be much lower, costing him more than a million dollars in damages.

Plaintiff goes on to argue that the complaint adequately sets forth claims for disability discrimination, hostile work environment, strict liability, and constructive discharge. As to plaintiff's disability discrimination claim, he alleges that he adequately pleads adverse treatment by defendant and this action occurred under circumstances giving rise to an inference of discrimination, citing *Hosking v Mem Sloan-Kettering Cancer Ctr.,* 186 AD3d 58, 62 (1st Dept 2020) and *Harrington v City of New York*, 157 AD3d 582 (1st Dept 2018). Plaintiff argues that

**161516/2023  AYKAC, ILTER vs. CITY OF NEW YORK**
**Motion No.  001**

**Page 7 of 14**

7 of 14

[* 7]

he sufficiently pleads discrimination by alleging that that he was denied overtime benefits that cost him hundreds of thousands of dollars a year in lost income, lost pension benefits in the amount of $1,249,980, that he was barred from earning overtime equal to his non-disabled comparators, and that he was forced to retire at the age of 38 all due to his disability. He cites to *Viviana Ayende v City of New York et al,* 2023 NY Slip Op 32970(U), 4 (Sup Ct, NY County 2022) to support his position that his forced termination based on disability is enough to set forth a disability discrimination claim. He also cites to *Cascalenda v City of New York,* 2021 NY Slip Op 30936[U], 5 (Sup Ct, NY County 2021) to support the same contention. Plaintiff further contends that by pleading examples of non-disabled colleagues who continued working and earned overtime he sufficiently sets forth a disability claim.

As to his hostile work environment claim, plaintiff argues that he meets the burden of showing that he was treated "less well than other employees," quoting *Bilitch v New York City Health & Hosps. Corp.*, 194 AD3d 999, 1003 (2d Dept 2021) (internal quotation marks and citation omitted). Specifically, plaintiff claims that he easily meets his burden of alleging hostile work environment because he pleads that he was denied accommodation, overtime, promotions, and positions to accommodate him and that he was treated worse than others who were not disabled, causing him to experience a hostile work environment. Also, he claims that he was forced to retire due to his disability, and that he was denied benefits of able-bodied officers such as equal pay, promotions, specialized units, and the ability to remain employed. Plaintiff further argues that he set forth a claim for hostile work environment by identifying similarly situated non-disabled employees who received employment benefits because they are not disabled, citing *Pedro Serrano et al v City of New York*, 226 AD3d 575, 576 (1st Dept 2024).

**161516/2023   AYKAC, ILTER vs. CITY OF NEW YORK**                    **Page 8 of 14**
  **Motion No.  001**

8 of 14

As to his strict liability claim, plaintiff argues that the complaint unequivocally pleads that defendants have a discriminatory policy of not providing disabled employees with overtime. Plaintiff contends that the facially discriminatory policy is laid out in paragraphs 22 and 61-67 of the complaint. Plaintiff states that "[it] could not be any clearer that [d]efendants knew about the discriminatory policy and failed to take action" (NYSCEF Doc. No. 14, Memorandum of Law in Opposition, p. 9). Plaintiff further contends that he has given fair notice of the nature of the claim and its grounds, citing *Swierkiewicz v Sorema N.A.*, 534 US 506, 514-515 (2002). Plaintiff contends that he has sufficiently pled constructive discharge in alleging that he was terminated due to his disability on August 31, 2022. He adds that if this court denies the motion, then he will correct the error in the complaint to state that he was terminated at age 38 and has a life expectancy of 78 years. Also, plaintiff notes that he is not currently bringing a failure to accommodate claim.

In reply, defendant disputes plaintiff's arguments. Defendant argues that plaintiff's claims in the instant case are nearly identical to the claims of disability-based disparate treatment and hostile work environment against defendant in the 2022 action, which was dismissed on the merits by the trial court and First Department. As a result, defendant argues, plaintiff is precluded from relitigating these claims in the current case, and thus the claims must be dismissed, citing *Koether v Generalow*, 213 AD2d 379, 380 (2d Dept 1995). Defendant argues that the instant case is distinguishable from *Condor* because in *Aykac I*, the First Department did not find that there was ambiguity as to whether the action was dismissed on the merits. Defendant argues that in *Aykac I*, both the trial court and the First Department found that the original complaint and proposed amendments lack merit with respect to disability-based disparate treatment and hostile work environment claims. Defendant reiterates that the complaint

[* 9]

merely sets forth conclusory allegations as to the hostile work environment claim by failing to annex a copy of the policy.

Also, Defendant argues that plaintiff fails to lay out instances where plaintiff requested and was denied overtime during the relevant period. Defendant distinguishes the instant matter from *Serrano*, arguing that unlike the plaintiff in *Serrano*, here plaintiff has not demonstrated he was subject to differential treatment from similarly situated colleagues. Defendant contends that plaintiff merely states that he and non-disabled detectives had different overtime opportunities and compensation, and this is not sufficient to demonstrate that plaintiff was treated less favorably because of his disability, citing *Massaro*, 121 AD3d at 570.

Similarly, defendant maintains that plaintiff does not state a cognizable disability discrimination claim because the threadbare, conclusory allegation that he was "disadvantaged" regarding access to overtime compensation is insufficient, citing *Johnson v Dept. of Educ. of City of N.Y.*, 158 AD3d 744, 746-47 (2d Dept 2018). Defendant argues that plaintiff's opposition papers omit sufficient factual details to demonstrate that he was subjected to differential treatment because of his disability, and thus do not address the pleading deficiencies of this claim. Defendant again argues that plaintiff's contradictory allegations regarding the nature of his termination undermine his claims, and he cannot correct this error by amending the complaint. Lastly, defendant argues that since there are no underlying actionable claims, then the defendant cannot be held vicariously liable and, therefore, the allegation must be dismissed. Finally, defendant argues that the constructive discharge claims fails because the complaint fails to sufficiently allege that defendant make the working environment "so intolerable, difficult or unpleasant that a reasonable person would have felt compelled to resign[.]" quoting *Mascola*, 14 AD3d at 410.

161516/2023   AYKAC, ILTER vs. CITY OF NEW YORK
Motion No.  001

Page 10 of 14

<u>Discussion</u>

The court has considered the parties' arguments and grants the motion. First, plaintiff's argument that untimely claims are now timely because of the intervening action – plaintiff's forced retirement – lacks merit because, as stated, these claims relate to activities which allegedly commenced in 2020, and plaintiff commenced *Aykac I* in 2022. Thus, the current theory of liability could have been included in the *Aykac I*. Pursuant to CPLR § 3211(a)(5), a court will dismiss an action based on res judicata where a party has a "full and fair opportunity to litigate the claim in a prior proceeding based on the same transaction, but did not raise it therein" (*Schwartzreich v E.P.C. Carting Co., Inc.*, 246 AD2d 439, 440-441 [1st Dept 1998]). Res judicata bars claims such as the ones at hand, as they "were, or should have been, advanced in a previous suit involving the same parties" (*Rojas v Romanoff*, 186 AD3d 103, 107 [1st Dept 2020]).

This court has reviewed plaintiff's argument that the order dismissing *Aykac I* was not on the merits or with prejudice and does not have preclusive effect and finds it unavailing (see *Condor*, 213 AD3d at 433). The First Department in *Condor* found that it was not clear if the prior action was dismissed on the merits or with prejudice. However, in *Aykac I*, the First Department found that, with one exception, the complaint was properly dismissed,[1] and that the plaintiff's motion for leave to amend the complaint to add new allegations to remedy defects in the original pleading pertaining to the claims dismissed was also properly dismissed (NYSCEF Doc. No. 7). This court finds that res judicata applies because it bars not just the claims that were

---

[1] This Court notes that the First Department unanimously modified the trial court order, on the law, to reinstate plaintiff's claim for failure to accommodate under the NYCHRL (NYSCEF Doc. No. 7).

**161516/2023   AYKAC, ILTER vs. CITY OF NEW YORK**
**Motion No.  001**

**Page 11 of 14**

brought in *Aykac I*, but similarly claims that "could have been brought" in that action (*Bradshaw v City of New York*, 200 AD3d 553, 553 [1st Dept 2021]).

Plaintiff also fails to adequately plead discriminatory animus, which is fatal to the discrimination and hostile work environment claims under the NYCHRL (*see Massaro*, 121 AD3d at 570). On a CPLR § 3211 (a) (7) pre-answer motion to dismiss, this court "must give the pleadings a liberal construction, accept the allegations as true and accord the plaintiff[s] every possible favorable inference" (*Chanko v American Broadcasting Companies Inc.*, 27 NY3d 46, 52 [2016]). Here, the complaint does not make allegations of differential treatment that are "sufficiently specific and factual in nature" (*Serrano*, 226 AD3d at 576). Plaintiff's allegation that he was treated less well than able-bodied detectives are insufficient to support his claims because the complaint does not allege sufficient facts to support the claim (*see Massaro*, 121 AD3d at 570).

Plaintiff also fails to allege a hostile work environment based on a failure to receive overtime by not including "any concrete factual allegations in support of that claim" (*Askin v Department of Educ of the City of NY*, 110 AD3d 621, 622 [1st Dept 2013]). Unlike the plaintiff in *Ayende*, who successfully pled that she was threatened at many meetings that she would be "surveyed off" due to her mental status, plaintiff here has not sufficiently alleged facts that would establish a hostile work environment due to his disability status. Nor has plaintiff here pled any conduct that would rise above the level of petty slights or trivial inconveniences that would be sufficient to state a hostile work environment (*Williams v New York City Hous. Auth.*, 61AD3d 62, 80 [1st Dept 2009]). The court also finds that plaintiff's reliance on *Cascalenda* is flawed because plaintiff does not allege any specific facts to show that he was treated less well than other NYPD employees because of his disability.

161516/2023   AYKAC, ILTER vs. CITY OF NEW YORK
Motion No.  001

Page 12 of 14

12 of 14

In addition, Plaintiff's bare and conclusory allegation that he was "forced to retire," does not sufficiently demonstrate that his separation from the NYPD occurred under circumstances that give rise to an inference of discrimination (*See Johnson*, 158 AD3d at 746-47). In fact, as defendant notes, Plaintiff sets forth contradictory allegations about his separation from the NYPD that further undermine the sufficiency of his claim. Indeed, Plaintiff alleges that he was "forced to retire", but then asserts that he was actually terminated, and that he will "correct" this error by amending the Complaint once defendant's motion is denied (See Pl. Opp. at pp. 6, 9). In sum, Plaintiff's disability discrimination claim fails, and must be dismissed.

Since the complaint fails to allege disparate treatment and hostile work environment claims, then plaintiff also fails to state a vicarious liability claim (*see Doe v Bloomberg L.P.*, 36 NY3d 450, 461 [2021]). Even applying the liberal pleading standards, this court finds that plaintiff has not stated causes of action for disability discrimination under the CHRL (*see Vig v New York Hairspray Co., L.P.*, 67 AD3d 140, 145 [1st Dept 2009]).

The Court further agrees with Defendant that Plaintiff's constructive discharge claim fails because the Complaint doesn't set forth any allegations to demonstrate that Defendant "deliberately created working conditions so intolerable, difficult or unpleasant that a reasonable person would have felt compelled to resign[.]" (*Mascola v. City Univ. of New York*, 14 AD3d 409, 410 [1st Dept 2005]). In opposition, Plaintiff does not even meaningfully contest this point.

Although Plaintiff states that he has not pleaded a failure to accommodate claim in this action (see Pl. Opp p. 9), to the extent he does, it must be dismissed as there is a pending failure to accommodate claim in *Aykac I*.

Defendant also seeks dismissal based on the pendency of *Aykac I*. While under CPLR § 3211 (a) (4) a court has broad discretion to determine whether a case should be dismissed based

[* 13]

"on the ground that another action is pending between the same parties on the same cause of action" (*Whitney v Whitney*, 57 NY2d 731, 732 [1982]), the court dismisses the complaint for the reasons above. Therefore, it need not address this portion of defendant's motion as plaintiff is not bringing a failure to accommodate claim in this action. However, it notes that *Aykac I* is still active and before this court; thus, it is unclear as to why plaintiff chose to commence a new lawsuit based on the alleged misconduct of the same defendant during the same time period. Were the Court to reach this issue, it would exercise its discretion to dismiss this action based on the pendency of *Aykac I*.

Accordingly, it is

**ORDERED** that defendant's motion to dismiss the complaint pursuant to CPLR § 3211(a) (5) and CPLR § 3211 (a) (7) is granted, and the complaint is hereby dismissed; and it is further

**ORDERED** that, within five days of entry, defendant shall serve a copy of this order with notice of entry on plaintiff and on the clerk, who is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 4/7/2025 | | ARIEL D. CHESLER, J.S.C. |
| --- | --- | --- |
| **DATE** | | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- |
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**161516/2023   AYKAC, ILTER vs. CITY OF NEW YORK**
**Motion No.  001**

**Page 14 of 14**

14 of 14