| |
|---|
| **Nieves v New York City Police Dept.** |
| 2024 NY Slip Op 33476(U) |
| September 30, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 504639/2024 |
| Judge: Gina Abadi |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, City Part 7 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse thereof at 360 Adams St., Brooklyn, New York, on the 30th day of September, 2024.

P R E S E N T:

      HON. GINA ABADI,
      J.S.C.

---

JOHANNA NIEVES,

                  Plaintiff,

      -against-

THE NEW YORK CITY POLICE DEPARTMENT, AND THE CITY OF NEW YORK,

                  Defendants.

Index No.: 504639/2024

Motion Seq: 1

DECISION, ORDER, AND JUDGMENT

---

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of this motion:

| Papers | NYSCEF Numbered |
|---|---|
| Notice of Motion/Cross Motion/Order to Show Cause and Affidavits (Affirmations) Annexed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 7 – 10 |
| Opposing Affidavits (Affirmations) . . . . . . . . . . . . . . . . . . . . . . . . . . . | 15 – 17 |
| Reply Affidavits (Affirmations) . . . . . . . . . . . . . . . . . . . . . . . . . . . | 18 – 20 |
| Other . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |

Upon the foregoing cited papers and after oral argument, defendants New York City Police Department (NYPD) and City of New York (City and, collectively with NYPD, defendants), jointly move, pre-answer, for an order, pursuant to CPLR §§ 3211(a)(5) and (7), dismissing the entirety of the verified complaint, dated January 29, 2024 (Verified Complaint or VC), of plaintiff Johanna Nieves (plaintiff).

[* 1]

## Background

Plaintiff was a police officer with the NYPD from July 8, 2008 to November 21, 2021 (VC, ¶¶ 1, 22, 86).[1] As the result of the COVID-19 pandemic, on October 20, 2021, the Commissioner of the New York City Department of Health and Mental Hygiene issued an order mandating all city employees, including those at the NYPD, provide proof of at least one dose of a COVID-19 vaccine by October 29, 2021 (the vaccine mandate) (NYSCEF Doc No. 3). The vaccine mandate (in § 8 thereof) permitted employees to apply for a reasonable accommodation to be exempt from vaccination.

Plaintiff, a practicing Christian, applied on October 21, 2021 for a religious accommodation to be exempt from the vaccine mandate (VC, ¶ 14). Three days later, on October 24, 2021, "[p]laintiff received a call from [a] Sgt. Acevedo from the EEO Reasonable Accommodation Unit asking[,] 'Why she [plaintiff] didn't want to receive the [COVID] vaccine?' Sgt. Acevedo did not mention anything about accommodating [p]laintiff's religious beliefs or any reasonable accommodations that could be offered to [her]" (VC, ¶ 13). Sometime thereafter, "[p]laintiff was told that [n]o [a]ccommodations would be given" (VC, ¶ 1). Plaintiff further alleges that she "told the NYPD that she was prepared to accept numerous accommodations, so long as she could keep [her] job, including masking and participating in weekly testing," but "[a]t no point did any member of the NYPD engage [her] in a cooperative dialogue" (VC, ¶¶ 16-17). On November 28,

---

[1] *See also* plaintiff's Reasonable Accommodation Request for Religious Practices or Observances, dated October 21, 2021 (NYSCEF Doc No. 4).

[* 2]

2021, "[p]laintiff was [either] forced to resign" or "was forced into retirement" "because she did not receive the [COVID]-19 vaccination" (VC, ¶¶ 3, 22, and 86).

On February 15, 2024, plaintiff commenced this action against the NYPD and City asserting five causes of action under the New York City Human Rights Law (Administrative Code § 8-107, et seq.) (the City HRL): (1) religious discrimination; (2) refusal to engage in the cooperative dialogue; (3) failure to accommodate plaintiff's religious needs; (4) an award of punitive damages; and (5) an award of attorney's fees (first through fifth causes of action, respectively). In lieu of an answer, defendants served the aforementioned motion to dismiss. The Court heard oral argument on August 14, 2024 and reserved decision. The well-established standard of review on a pre-answer motion to dismiss has been omitted from this Decision, Order, and Judgment in the interest of brevity.

## Discussion

Plaintiff's claims as against the NYPD must be dismissed because it is not an entity amenable to being sued under the New York City Charter. *See* NYC Charter, Ch. 17, § 396; *Metwally v City of NY*, 215 AD3d 820, 823 (2d Dept 2023); *Brown v City of NY*, 192 AD3d 963, 965 (2d Dept 2021), *lv denied* 38 NY3d 902 (2022).

Plaintiff's claims as against the City should have been brought as a CPLR article 78 proceeding, insofar as she is challenging the denial of her reasonable accommodation request, and as such, her claims as against the City are now time-barred. "It is well established that determinations which are made within the jurisdiction of the [administrative] official or body concerned, stand unless they are avoided by a direct attack

3

[* 3]

where the infirmity is alleged to be that the action has been arbitrary or capricious." *Matter of Foy v Schechter*, 1 NY2d 604, 612 (1956). Such "direct attack" takes the form of a CPLR article 78 proceeding which is to be commenced within four months of the challenged act, pursuant to CPLR § 217. *See e.g. Matter of Metropolitan Museum Historic Dist. Coalition v De Montebello*, 20 AD3d 28, 36 (1st Dept 2005).

It is undisputed that plaintiff failed to commence a CPLR article 78 proceeding in connection with the NYPD's denial of her religious exemption/accommodation request. Although plaintiff frames this action as a religious discrimination lawsuit under the City HRL, the crux of her Verified Complaint is a challenge to the administrative denial of her request for a religious exemption/accommodation from the COVID-19 vaccination. As the true nature of the Verified Complaint, stripped of all artifice, squarely fits the parameters of a CPLR article 78 proceeding, plaintiff was required to commence it "within four months of the act giving rise to the litigation." *Town of Southampton v County of Suffolk*, 98 AD3d 1033, 1034 (2d Dept 2012); *Goolsby v City of NY*, 83 Misc 3d 445, 453-455 (Sup Ct, NY County 2024); *Hunold v City of NY*, 2024 NY Slip Op 51241(U) (Sup Ct, NY County 2024); *Almodovar v City of NY*, 82 Misc 3d 1235(A), 2024 NY Slip Op 50475(U) (Sup Ct, NY County 2024), *amended on rearg* 83 Misc 3d 1271(A), 2024 NY Slip Op 51074(U) (Sup Ct, NY County 2024); *Farah v City of NY*, 83 Misc 3d 1252(A), 2024 NY Slip Op 50961(U) (Sup Ct, Kings County 2024); *Sekulski v City of NY*, 79 Misc 3d 1240(A), 2023 NY Slip Op 50839(U) (Sup Ct, Kings County 2023).[2]

---

[2] Plaintiff's reliance on *Chinchilla v New York City Police Dept*, 2024 WL 3400526 (SD NY 2024), is unavailing

(footnote continued)

[* 4]

Because plaintiff here first became aware of the denial of her religious exemption/accommodation request on or before November 28, 2021, she should have commenced this action by March 28, 2022. Inasmuch as she commenced this action much later on February 15, 2024, her Verified Complaint must be dismissed in its entirety as untimely. *See* CPLR §§ 217(1) and 3211(a)(5); *see also Sloninski v City of NY*, 173 AD3d 801, 802 (2d Dept 2019); *Dolce-Richard v New York City Health & Hosps. Corp.*, 149 AD3d 903, 905 (2d Dept 2017); *Town of Southampton*, 98 AD3d at 1035.

In any event, each of plaintiff's five causes of action is subject to dismissal for failure to state a cause of action, pursuant to CPLR § 3211(a)(7). Plaintiff's first and third causes of action for religious discrimination, as grounded on the failure to accommodate theory, are inadequately pleaded. In particular, she failed to plead that the City could, in fact, accommodate her, a uniformed NYPD sergeant, without suffering an undue hardship in light of her work duties, particularly where (as was the instance at the time) the vaccine mandate was a condition of employment for the frontline workers, such as the uniformed police officers with the NYPD.[3] *See Hunold*, 2024 NY Slip Op 51241(U); *Almodovar*,

---

because it is not binding on this Court. *See Cox v Microsoft Corp.*, 290 AD2d 206, 207 (1st Dept 2002) ("Federal case law is at best persuasive in the absence of State authority. . . ."), *lv dismissed* 98 NY2d 728 (2002).

[3] *See We The Patriots USA, Inc. v Hochul*, 17 F4th 266, 294 (2d Cir 2021), *clarified* 17 F4th 368 (2d Cir 2021), *stay pending appeal denied* 142 S Ct 734 (2021); *Beickert v New York City Dept of Educ.*, 2023 WL 6214236, *4 (ED NY 2023), *appeal filed* (2d Cir 2023); *Marte v Montefiore Med. Ctr.*, 2022 WL 7059182, *5 (SD NY 2022); *Broecker v New York Dept of Educ.*, 585 F Supp 3d 299, 314-315 (ED NY 2022); *Marciano v De Blasio*, 589 F Supp 3d 423, 431-433 (SD NY 2022), *appeal dismissed as moot* 2023 WL 3477119 (2d Cir 2023), *cert denied* 144 S Ct 286 (2023); *Garland v New York City Fire Dept.*, 574 F Supp 3d 120, 129 (ED NY 2021); *Matter of Police Benevolent Assn. of City of NY, Inc. v City of NY*, 215 AD3d 463 (1st Dept 2023), *lv denied* 40 NY3d 906 (2023); *Matter of Police Benevolent Assn. of City of NY, Inc. v De Blasio*, Index No. 85229/21, Decision & Order, dated February 16, 2022 (Sup Ct, Richmond County, Colon, J.), *appeals withdrawn* Docket Nos. 2022-02225 and 2022-02238 (2d Dept, Nov. 23, 2022).

[* 5]

82 Misc 3d 1235(A), 2024 NY Slip Op 50475(U); *Farah*, 83 Misc 3d 1252(A), 2024 NY Slip Op 50961(U); *Benoit v City of NY*, 2024 WL 2188850 (Sup Ct, Kings County 2024); *Chun v City of NY*, 2024 NY Slip Op 30962(U) (Sup Ct, Kings County 2024); *Currid v City of NY*, 2024 NY Slip Op 30222(U) (Sup Ct, Kings County 2024).

Plaintiff's second cause of action, as predicated on the City's alleged refusal to engage in the cooperative dialogue, is likewise insufficiently pleaded. She has not alleged, beyond bare legal conclusions, that the City's process for resolving plaintiff's request fell short of the requirements of the City HRL regarding cooperative dialogue. To the contrary, the City's process was repeatedly found to have been rational by the First Judicial Department. Under her particular circumstances, plaintiff has not alleged facts showing that the City HRL required "a more robust or individualized dialogue than the process [she] received." *Matter of Marsteller v City of NY*, 217 AD3d 543, 545 (1st Dept 2023), *lv dismissed & denied* 41 NY3d 960 (2024).[4]

Plaintiff's fourth and fifth causes of action for punitive damages and attorney's fees, respectively, may not be maintained as separate causes of action. *See Pergament v Government Empl. Ins. Co.*, 225 AD3d 799, 801 (2d Dept 2024); *La Porta v Alacra, Inc.*, 142 AD3d 851, 853 (1st Dept 2016).

---

[4] *See also Matter of Lynch v Board of Educ. of City School Dist. of City of NY*, 221 AD3d 456 (1st Dept 2023), *lv denied* 2024 NY Slip Op 74666 (Ct App 2024); *Matter of Lebowitz v Board of Educ. of City School Dist. of City of NY*, 220 AD3d 537 (1st Dept 2023), *lv denied* 41 NY3d 987 (2024); *Matter of Hogue v Board of Educ. of City School Dist. of City of NY*, 220 AD3d 416 (1st Dept 2023), *lv denied* 2024 NY Slip Op 74661 (Ct App 2024); *Currid*, 2024 NY Slip Op 30222(U); *Matter of Quagliata*, 2023 WL 8523718 (Sup Ct, NY County 2023); *Matter of Hunold v City of NY*, 2023 NY Slip Op 33508(U) (Sup Ct, NY County 2023); *Matter of Bath v Fire Dept of City of NY*, 2023 NY Slip Op 31855(U) (Sup Ct, NY County 2023).

[* 6]

The Court has considered plaintiff's remaining contentions and found them either unavailing or moot in light of its determination.

## Conclusion

Accordingly, it is

**ORDERED** that defendants' pre-answer motion for an order, pursuant to CPLR 3211 §§ (a) (7) and (5), dismissing the Verified Complaint is *granted*, and the Verified Complaint is dismissed in its entirety with prejudice and without costs or disbursements; and it is further

**ORDERED** that the Corporation Counsel is directed to electronically serve a copy of this Decision, Order, and Judgment on plaintiff's counsel and to electronically file an affidavit of service thereof with the Kings County Clerk.

The foregoing constitutes the Decision, Order, and Judgment of this Court.

ENTER,

HON. GINA ABADI
J. S. C.

KINGS COUNTY CLERK
FILED
2024 OCT -1 A 10 20

KINGS COUNTY CLERK
FILED
2024 SEP -1 A 10 09

[* 7]