**Banasik v Mount Sinai Health Sys.**

2025 NY Slip Op 31233(U)

April 11, 2025

Supreme Court, New York County

Docket Number: Index No. 153072/2023

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**   <u>**HON. JUDY H. KIM**</u>                    **PART**                          **04**

*Justice*

------------------------------------------------------------------------------X

MAREK BANASIK,

Plaintiff,

- v -

MOUNT SINAI HEALTH SYSTEM,

Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 153072/2023 |
| **MOTION DATE** | 06/09/2023 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 10, 11, 12, 13, 14, 15, 16

were read on this motion to                                  <u>DISMISS</u>                          .

Upon the foregoing documents, defendant's motion to dismiss this action is granted.

## FACTUAL BACKGROUND

Plaintiff worked as a registered nurse for defendant Mount Sinai Health System since, approximately, 1995 (NYSCEF Doc No. 1, complaint at ¶8). On or about September 16, 2021, plaintiff went on short-term disability due to "longstanding" back pain, which had recently worsened to a degree that it prevented him from performing essential functions of his job (*id.* at ¶¶15-18). While plaintiff was on disability leave, defendant informed him that he would be fired unless he received the COVID-19 vaccine (*id.* at ¶19). Plaintiff requested a medical accommodation and religious exemption to the vaccine mandate, submitting medical records documenting his history of severe allergies to vaccines as well as a note from his personal physician stating that he had "natural immunity" (*id.* at ¶¶21-22). Defendant denied plaintiff's requests on or around November 16, 2021, and informed plaintiff that if he was not vaccinated by November 27, 2021, he would be fired (*id.* at ¶¶25-28). Defendant did not get vaccinated and was

fired on December 6, 2021 (*id.* at ¶31). He was sixty years old at the time (*id.* at ¶8). After his termination, plaintiff "contacted [d]efendant to inquire why no testing alternative was proposed, given that other unvaccinated employees working on-site were permitted to test in lieu of vaccination" (*id.* at ¶32).

In his complaint, plaintiff asserted claims under Executive Law §296, also known as the (also known as the New York State Human Rights Law or "NYSHRL"), and Administrative Code §8-107 (also known as the New York City Human Rights Law or "NYCHRL"), for disability discrimination, age discrimination, religious discrimination, and retaliation.

Defendant moved to dismiss the complaint, pursuant to CPLR 3211(a)(7), arguing that, as pertinent here, it: (1) failed to state an employment discrimination claim because it contained no allegations permitting an inference of discriminatory intent based on plaintiff's disability, age, or religion; and (2) failed to state a retaliation claim as it did not allege that plaintiff engaged in any protected activity, let alone that such activity proximately led to retaliation against plaintiff. Defendant also argued that plaintiff's claim for religious discrimination fails because defendant could not grant his requested accommodation without violating the law, i.e. 10 NYCRR §2.61, which would have placed an undue hardship on defendant.

After defendant filed its motion to dismiss, plaintiff filed an amended complaint adding further detail regarding the purported basis for his religious accommodation request (the "likely" use of aborted fetal cells within the vaccine), and asserting both that defendant could have granted plaintiff's requested accommodation without hardship, "[i]n light of the [d]efendant's rigorous Covid testing policies and protective measures," and that he was fired in retaliation for his accommodation requests and his short-term disability leave in September 2021 (NYSCEF Doc

**153072/2023   BANASIK, MAREK vs. MOUNT SINAI HEALTH SYSTEM**
**Motion No.  001**

**Page 2 of 8**

2 of 8

[* 2]

No. 9, amended complaint at ¶¶27, 33, 140). The Amended Complaint also added a failure to accommodate claim under the NYSHRL and NYCHRL (*id.* at ¶¶145-154).

In opposition, plaintiff principally argues that the filing of the amended complaint renders defendant's motion moot, mandating its denial (though he also asserts, in passing, that defendant's arguments are "entirely without merit," without offering further detail). In reply, defendant maintains that plaintiff's amended complaint was improperly filed without leave of the Court and argues that it should be ignored or, alternatively, that the amended complaint should be dismissed for the reasons set out in defendant's initial motion to dismiss.

## DISCUSSION

As an initial matter, plaintiff's amended complaint was timely filed (*see Rosas v Petkovich*, 218 AD3d 814 [2d Dept 2023]). However, plaintiff's assertion that the amended complaint renders the present motion moot is incorrect; rather, the Court addresses the motion as directed against the amended complaint, as defendant requests (*see e.g. Sage Realty Corp. v Proskauer Rose LLP*, 251 AD2d 35, 38 [1st Dept 1998]).

In addressing a motion to dismiss pursuant to CPLR 3211(a)(7), the pleading is to be afforded a liberal construction and the court should accept as true the facts alleged in the complaint, accord the pleading the benefit of every reasonable inference, and only determine whether the facts, as alleged, fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83 [1994]). Claims arising under the NYCHRL must be reviewed with "an independent liberal construction analysis in all circumstances ... targeted to understanding and fulfilling ... the [NYCHRL's] uniquely broad and remedial purposes" (*Williams v New York City Hous. Auth.*, 61 AD3d 62, 66 [1st Dept 2009] [internal citations and quotations omitted]) and must be construed "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible"

**153072/2023   BANASIK, MAREK vs. MOUNT SINAI HEALTH SYSTEM**
**Motion No.  001**

**Page 3 of 8**

3 of 8

[* 3]

(*Albunio v City of New York*, 16 NY3d 472, 477-478 [2011]). Employment discrimination claims, in particular, are reviewed under a notice pleading standard, in which "a plaintiff … need not plead specific facts establishing a prima facie case of discrimination but need only give fair notice of the nature of the claim and its grounds" (*Vig v New York Hairspray Co., L.P.*, 67 AD3d 140 [1st Dept 2009] [internal citations and quotations omitted]).

### *Religion, Age, and Disability Discrimination*

Defendant's motion to dismiss plaintiff's employment discrimination claims is granted. To state a claim for employment discrimination under the NYSHRL and NYCHRL,[1] a plaintiff must allege that: (1) he is a member of a protected class, (2) he was qualified for his position, (3) he was treated differently or worse than other employees; and (4) this treatment occurred under circumstances giving rise to an inference of discrimination (*see Harrington v City of New York*, 157 AD3d 582 [1st Dept 2018]).

Here, dismissal is warranted because the complaint does not plead facts sufficient to establish that the denial of plaintiff's requests for accommodation or his firing occurred under circumstances permitting an inference of discrimination based on his religion, age, or physical disability. In general, "[d]iscriminatory motivation may be inferred from, among other things, invidious comments about others in the employee's protected group, or the more favorable treatment of employees not in the protected group" (*Rodriguez v New York City Hous. Auth.*, 225 AD3d 458, 459 [1st Dept 2024] [internal quotation marks and citation omitted]). In this case, "[t]he complaint does not allege that any decisionmakers made remarks that showed any discriminatory

---

[1] Executive Law §300 was amended in 2019 to clarify that NYSHRL claims accruing after this amendment are to be interpreted in the same manner as the NYCHRL (*see Syeed v Bloomberg L.P.*, 41 NY3d 446, 451 [2024]), the NYSHRL claims here are properly assessed using the liberal approach employed under the NYCHRL (*see e.g., Hunold v City of New York*, 216 NYS3d 550 [Sup Ct, NY County 2024]; *Cannizzaro v City of New York*, 82 Misc 3d 563, 577 [Sup Ct, NY County 2023]; *Brown v New York City Dept. of Educ.,* 2023 NY Slip Op 30106[U] [Sup Ct, NY County 2023]).

intent" related to his age, religion, or back injury" (*Brown v City of New York*, 188 AD3d 518, 519 [1st Dept 2020] citing *Askin v Department of Educ. of the City of N.Y.*, 110 AD3d 621 [1st Dept 2013]).

Neither has plaintiff pled facts "sufficient to show that he was treated differently than others similarly situated" (*Almodovar v City of New York*, 82 Misc 3d 1235(A) [Sup Ct, NY County 2024]). While he alleges that he was treated differently than other employees of defendant, he fails to include specific, factual allegations establishing that these employees were similarly situated to him, i.e., had similar job titles, responsibilities, and supervisors (*Etienne v MTA New York City Tr. Auth.*, 223 AD3d 612, 612 [1st Dept 2024]; *see also Serrano v City of New York*, 226 AD3d 575, 576 [1st Dept 2024]). Specifically, although plaintiff alleges that "other employees who never submitted a medical or religious exemption to the COVID 19 vaccine were permitted to work unvaccinated while complying with [d]efendant's testing protocol," he does not allege that these employees, like plaintiff, were covered by the vaccine mandate imposed pursuant to 10 NYCRR §2.61, which applied only to those employees, like plaintiff, "who engage[d] in activities such that if they were infected with COVID-19, they could potentially expose other covered personnel, patients, or residents to the disease" (*We The Patriots USA, Inc. v Hochul*, 17 F4th 266, 272 [2d Cir 2021] [internal citations omitted], *op clarified,* 17 F4th 368 [2d Cir 2021]). Similarly, while plaintiff alleges that "[d]efendant denied the medical exemption applications for older employees at a higher rate than younger employees [in order] to 'clean house' or rid the personnel of older employees" (NYSCEF Doc No. 9, amended complaint at ¶47) he fails to allege that these younger employees had similar responsibilities to plaintiff or requested medical accommodations or religious exemptions on similar grounds such that their different treatment could support an inference of discriminatory intent on the part of defendant.

**153072/2023   BANASIK, MAREK vs. MOUNT SINAI HEALTH SYSTEM**
**Motion No.  001**

**Page 5 of 8**

[* 5]

*Retaliation*

Defendant's motion is also granted as to plaintiff's retaliation claims. To state a claim for retaliation, plaintiff must allege that: (1) he engaged in a protected activity; (2) the employer was aware of the activity; (3) the employer acted in a manner reasonably likely to deter plaintiff from engaging in protected activity; and (4) a causal connection existed between the protected activity and the alleged retaliatory action (*see Fletcher v Dakota, Inc.*, 99 AD3d 43, 51 [1st Dept 2012]). "In this context, protected activity refers to actions taken to protest or oppose statutorily prohibited discrimination" (*Thomas v Mintz*, 60 Misc 3d 1218(A) [Sup Ct, NY County 2018] [internal citations omitted], *affd as mod*, 182 AD3d 490 [1st Dept 2020]).

Plaintiff's claim that defendant retaliated against him in response to his requests for religious exemption and medical accommodation is unavailing, as such requests are not a protected activity for purposes of a retaliation claim (*see Witchard v Montefiore Med. Ctr.*, 103 AD3d 596, 596 [1st Dept 2013] [internal citations omitted]). To the extent plaintiff alleges that his firing was retaliation for taking short-term disability leave in September 2021, the three-month gap between his disability leave and firing is insufficient, in the absence of any other indica of retaliatory intent, to establish a causal connection between the two events (*see Baldwin v Cablevision Sys. Corp.*, 65 AD3d 961, 967 [1st Dept 2009] [four-month gap between protected activity and retaliatory act too distant to establish causal connection]; *Bantamoi v St. Barnabas Hosp.*, 146 AD3d 420, 420 [1st Dept 2017] [five-month gap too distant to establish causal connection]).

*Failure to Accommodate*

Finally, defendant's motion is granted as to plaintiff's failure to accommodate claims. To state a cause of action for failure to accommodate, a plaintiff must allege that: (1) he is entitled to an accommodation on the basis of a bona fide religious belief; (2) the employer had notice of such

**153072/2023  BANASIK, MAREK vs. MOUNT SINAI HEALTH SYSTEM**
**Motion No. 001**

**Page 6 of 8**

6 of 8

belief; (3) plaintiff was able to perform their job with reasonable accommodation; (4) the accommodation would not cause undue hardship to the employer; and (5) the employer failed to make such accommodation (*Almodovar v City of New York*, 82 Misc 3d 1235(A) [Sup Ct, NY County 2024]). The complaint fails to do so, as plaintiff does not plead that defendant could, in fact, accommodate him, as a nurse, without suffering an undue hardship, "where (as was the instance at the time) the vaccine mandate was a condition of employment for the frontline workers, such as [plaintiff]" (Nieves v The New York City Police Dept., 2024 NY Slip Op 33476[U], 5 [Sup Ct, Kings County 2024]). The complaint's bald assertion that "[i]n light of the [d]efendant's rigorous Covid testing policies and protective measures, [p]laintiff's requested accommodation did not pose a hardship to the [d]efendant" fails to address the undisputed fact that defendant, in order to grant the accommodation sought, would have violated 10 NYCRR §2.61, and that such a violation constitutes "an undue hardship as a matter of law" (*Hughes-Greene v Westchester Med. Ctr.*, 82 Misc 3d 1247(A) [Sup Ct, Westchester County 2024] [internal citations and quotations omitted]).

Accordingly, it is

**ORDERED** that defendant's motion to dismiss the complaint is granted and it is hereby dismissed; and it is further

**ORDERED** that defendant shall, within ten days of the date of this decision and order, serve a copy of this decision and order, with notice of entry, upon plaintiff; and it is further

**ORDERED** that defendant shall, within ten days of the date of this decision and order, serve a copy of this decision and order, with notice of entry, upon the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who are directed to enter judgment accordingly; and it is further

**153072/2023   BANASIK, MAREK vs. MOUNT SINAI HEALTH SYSTEM**
**Motion No.  001**

Page 7 of 8

7 of 8

[* 7]

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "EFiling" page on this court's website).

This constitutes the decision and order of the Court.

| 4/11/2025 | | | |
|---|---|---|---|
| **DATE** | | | **HON. JUDY H. KIM, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**153072/2023   BANASIK, MAREK vs. MOUNT SINAI HEALTH SYSTEM**
**Motion No.  001**

Page 8 of 8

8 of 8

[* 8]